# EXHIBIT 1



# Comunicado OEA MACCIH

Misión de Apoyo contra la Corrupción y la Impunidad en Honduras | Twitter: @OEA_MACCIH | Sitio Web: www.oas.org/maccih

Referencia: MCH-004/19
4 de marzo de 2019

## MACCIH-OEA y UFECIC-MP presentan noveno caso de investigación penal integrada: "Fraude sobre el Gualcarque"

La Unidad Fiscal Especial contra la Corrupción de la Impunidad del Ministerio Público de Honduras (UFECIC-MP) presentó hoy ante el Juzgado de Letras del Circuito Anticorrupción un requerimiento fiscal contra 16 personas por los presuntos delitos de fraude, abuso de autoridad, violación de los deberes de los funcionarios, de negociaciones incompatibles con el ejercicio de funciones públicas y falsificación de documentos, en perjuicio del Estado, en el denominado caso "Fraude sobre el Gualcarque"

Partiendo de denuncias presentadas en su día por la lideresa indígena lenca y ambientalista Bertha Cáceres -asesinada hace 3 años- la UFECIC-MP presentó evidencia probatoria que los acusados habrían cometido diversos delitos contra la administración pública, para lograr que la empresa Desarrollos Energéticos S.A. (**DESA**), fuese beneficiada con el Contrato de Operación y la Contrata de Aguas sobre el rio Gualcarque, con la Secretaría de Recursos Naturales y Ambiente (**SERNA**) y un Contrato de Suministro de Potencia y Energía con la Empresa Nacional de Energía Eléctrica (**ENEE**), así como con el Contrato de Operación para la Generación, Transmisión y Comercialización de Energía Eléctrica entre la SERNA y DESA S. A. (Central Hidroeléctrica Agua Zarca) y el Contrato No. 043-2010 de Suministro de Potencia y Energía Eléctrica firmado el 3 de junio de 2010 entre la ENEE y DESA.

El requerimiento Fiscal se formuló contra:

1) Francisco Rafael Rivas Bonilla
2) Julio Alberto Perdomo Rivera
3) Catarino Alberto Cantor López
4) Luis Eduardo Espinoza Mejía
5) Ana Lourdes Martínez Cruz
6) Aixa Gabriela Zelaya Gómez
7) Darío Roberto Cardona Valle
8) Mauricio Fermín Reconco Flores
9) José Mario Carbajal Flores
10) Óscar Javier Velásquez Rivera
11) Roberto Aníbal Martínez Lozano
12) Roberto David Castillo Mejía
13) Julio Ernesto Eguigure Aguilar
14) Raúl Pineda Pineda
15) Carolina Lizeth Castillo Argueta
y 16) Saida Odilia Pinel

Están acusados de los presuntos delitos de:

1

- Abuso de autoridad
- Violación a los deberes de los funcionarios públicos
- Falsificación de documentos.
- Negociaciones incompatibles con el ejercicio de funciones públicas
- Y Fraude.

La investigación que concluyó con el requerimiento de hoy fue conducida por el Equipo Integrado de Investigación y Persecución Penal, compuesto por fiscales e investigadores de la Unidad Fiscal Especial contra la Corrupción y la Impunidad del Ministerio Público (UFECIC-MP) con la colaboración activa de la Misión de Apoyo contra la Corrupción y la Impunidad en Honduras de la Organización de los Estados Americanos (MACCIH-OEA). Además, se tuvo el apoyo de la Fiscalía Especial de Etnias y Patrimonio Cultural y de la Fiscalía Especial de Protección del Medio Ambiente.

Para este caso, la UFECIC/MACCIH partió de las más de 40 denuncias que Bertha Cáceres presentó ante el Ministerio Publico sobre presuntas irregularidades que se habrían cometido en diferentes concesiones de recursos hídricos, que afectarían a la comunidad lenca. En particular, UFECIC/MACCIH seleccionó aquellas denuncias relacionadas al Proyecto Agua Zarca como un caso de investigación penal integrada.

**La Coordinadora de la División de Prevención y Combate a la Corrupción de MACCIH, Ana María Calderón, aseguró que** *"esta acción conjunta demuestra una vez más, el compromiso de la MACCIH-OEA para seguir impulsando la lucha anticorrupción a través de instituciones del Estado". "Ante los hallazgos presentados hoy, la Misión sugiere que se revisen los contratos que aún estén vigentes y la normativa que los regula, pues de seguir con esta política energética podría producirse un desbalance del mercado que podría llevar a la quiebra a la ENEE, ya que es posible que todos los contratos atados a fuentes renovables se encuentren bajo la misma modalidad."*

El caso "Fraude sobre el Gualcarque" es el noveno caso de investigación penal integrada que presenta el equipo formado por UFECIC-MP y MACCIH-OEA. Los anteriores fueron Red de Diputados, Caja Chica de la Dama, Pacto de Impunidad, Pandora, Aseguramiento de Bienes, Caja chica del Hermano, Licitación Fraudulenta del Seguro Social y Arca Abierta.

El Caso

La investigación reveló los siguientes hallazgos:

1) La Empresa Desarrollos Energéticos S.A. (DESA), fue creada el 20 de mayo de 2009 por Roberto Antonio Abate Ponce y Geovanny Isidro Abate Ponce con un capital de L 25,000.00. Se ha encontrado evidencia que Roberto Castillo desde esa época ya era representante de facto de DESA.
2) Roberto David Castillo Mejia, se desempeñaba como Asistente Técnico de Gerencia en la ENEE, al mismo tiempo que ejercía el dominio funcional de la empresa DESA. Este nombramiento le permitió acudir a las sesiones de Junta Directiva en calidad de invitado, donde se trataba la autorización y aprobación de contratos amparados en el decreto 70-2007, específicamente el contrato con la empresa DESA, evidenciándose un conflicto de intereses.
3) Como consecuencia de dichas sesiones, se emitió la RESOLUCIÓN No. 01-JD-1078-2010, de la Junta Directiva de la ENEE que resolvió: *autorizar a la administración para iniciar el*

2

*proceso de aprobación de los Contratos de Suministro de Energía Eléctrica entre la ENEE y las empresas que incluye a Desarrollos Energéticos S.A. de C.V.(DESA).*

4) Luego de obtenido el contrato de suministro de energía eléctrica con la ENEE, Roberto David Castillo Mejía, formaliza su vinculación con DESA, ya que se convierte en Presidente del Consejo de Administración y se le otorgan parte de las acciones de DESA, a través de una entidad asentada en Panamá de nombre Potencia de Energía de Mesoamérica S.A. (PEMSA), cuyos socios y directivos resultan ser Roberto David Castillo y Carolina Lizeth Castillo Argueta *(quien es la persona que firma el contrato con la ENEE en nombre de DESA)*. Con lo anterior se demuestra, que Castillo Mejía durante el tiempo que estuvo en calidad de funcionario de la ENEE, ocultó la vinculación que tenía con la empresa DESA, en la cual tenía una participación directa, primero ocultando las acciones a través de una sociedad anónima de la cual era socio y directivo y luego haciendo firmar el contrato a la que era su socia en dicha sociedad panameña.

5) La colusión de Roberto David Castillo Mejía con funcionarios de la ENEE para favorecer a DESA, se evidencia con las anomalías administrativas que se dieron en la aprobación y asignación del contrato de suministro de energía eléctrica a DESA:

   a) David Castillo Mejía, Sub Teniente de Inteligencia se encontraba laborando en la Dirección de Inteligencia de la Secretaria de Defensa, cuando ingresó a la Empresa Nacional de Energía Eléctrica en junio del 2007, como parte de la junta interventora de la ENEE. Desde su ingreso laboró con Carolina Lizeth Castillo Argueta.

   b) Carolina Castillo Argueta fue presidenta del Sindicato de Trabajadores de la ENEE que le permitió tener conocimiento del Estudio de factibilidad para el Proyecto Hidroeléctrico Gualcarque, expediente 28-E-2003, correspondiente a una capacidad generadora de 6 MW en la ubicación clasificada con el número 460. Este proyecto fue declarado improcedente por el entonces Secretario General de SERNA por no cumplir con los requisitos legales requeridos.

   c) Al momento de la aprobación y firma del contrato, Roberto David Castillo Mejía, se desempeñaba en la ENEE, como Asistente Técnico de Roberto Aníbal Martínez Lozano, quien firma el contrato con DESA, en su calidad de Gerente de la Empresa Nacional de Energía Eléctrica (ENEE).

   d) El contrato fue firmado sin que se verificase que DESA no estaba inscrita en el registro de proveedores y contratistas del Estado, violentando así lo establecido en el artículo 34 de la Ley de Contratación del Estado y su Reglamento.

   e) Se le asignó dicho contrato a una empresa de reciente creación, que no tenía las capacidades, la experiencia y el capital para desarrollar un proyecto de tal envergadura.

6) El Fraude se evidencia con una serie de trámites administrativos irregulares para favorecer el proyecto que desarrollaría la empresa DESA, con la participación de varios funcionarios de diferentes instituciones públicas (SERNA, ENEE, INA, ICF y la Municipalidad de San Francisco de Ojuera), quienes agilizaron el trámite del Proyecto Hidroeléctrico Agua Zarca, de manera irregular, con evidente concertación entre los ahora imputados:

   a) El Estudio de Factibilidad del Proyecto que fue requerido a la SERNA el 5 de octubre de 2009 y concedido el 16 de diciembre de ese mismo año, transitó por 4 Direcciones especializadas dentro de la institución y fue autorizada sin ubicar de forma fehaciente los terrenos objeto de la concesión, ni comprobar a quien pertenecían; sin que los

3

términos de referencia se adecuaran a la normativa y sin que se presentase constancia municipal de anuencia de la comunidad. Las irregularidades fueron advertidas por la Dirección Legal de la SERNA, pero brindaron opinión favorable al proyecto sin esperar la subsanación de los requisitos que ellos mismos observaron.

b) Además, la realización del Estudio de Factibilidad es un proceso detallado y complejo que toma meses de mediciones y análisis, pero la representante legal de DESA presentó el Estudio finalizado 24 horas y 5 minutos después de su autorización. Se ha establecido durante la investigación que el Estudio contenía datos del Estudio de Factibilidad hecho en el 2003 para un proyecto similar que iba a ser financiado por ENEE y por su Sindicato de trabajadores (cuya presidenta fue Carolina Lizeth Castillo Argueta) y que fue desechado.

c) La contrata de Aprovechamiento de Aguas Nacionales del proyecto fue suscrita el 22 de enero de 2010, entre el Subsecretario de Recursos Naturales y Carolina Lizeth Castillo Argueta, Representante Legal de DESA, pese a que la Comisión Nacional de Energía recomendó la no suscripción de contratos con desarrolladores que no cumplieran los requisitos legales, en este caso en particular el documento ambiental y el documento de titularidad de tierras. Esta situación se repite en la emisión del Contrato de Operación para la Generación, Transmisión y Comercialización de Energía Eléctrica.

d) El 24 de marzo de 2011, SERNA emitió la Licencia Ambiental categoría 2 para el Proyecto Hidroeléctrico Agua Zarca, valiéndose en una serie de situaciones contrarias a la legislación, entre las que destaca la incorrecta clasificación del proyecto. Categorizar el proyecto en un nivel inferior al que correspondía por ley incrementa los beneficios que DESA percibiría por su inversión en dos sentidos: abaratando los costos de licenciamiento, al disminuir los pagos al Estado en concepto de concesión y aminorando los costos de oportunidad, al obviarse la exigencia de presentación de un Estudio Ambiental completo que requeriría mediciones de caudal por los dos años posteriores a la autorización del mismo. La emisión de las licencias es posterior a las contratas, en contravención a la normativa de la materia.

e) En el año 2011, la Empresa DESA solicitó la ampliación de las Contratas y la Licencia Ambiental para el Proyecto Hidroeléctrico Agua Zarca, pidiendo la aprobación de una capacidad generadora de 21 MW. Estos incrementos se justificaban en un proceso de optimización que incluía la adición de una tercera turbina; sin embargo, las investigaciones han determinado que el caudal del rio Gualcarque no es suficiente para activar una tercera turbina, ni siquiera la segunda turbina podría producir esa capacidad en los momentos de más altos niveles de precipitación. Además, el proyecto hidroeléctrico Agua Zarca no se encontraba en operación, por lo que no podía medirse la viabilidad de la ampliación que se solicitaba.

f) Este punto es de gran importancia pues cada turbina incrementa el costo de la inversión de DESA, asignando varios millones de dólares que nunca serían capaces de producir. Esta inversión más allá del punto de eficiencia solo puede justificarse con el hecho que este alto nivel de inversión se vería directamente reflejado en el precio al que podrían vender la energía a la Empresa Nacional de Energía Eléctrica.

Toda la investigación evidencia la actuación irresponsable de la administración pública, que para favorecer a la empresa DESA realizó trámites ilegales y omisión de informes para la concesión de recursos hídricos, afectándose a especies en peligro de extinción, flora, fauna y consumo humano.

**¡SEGUIMOS TRABAJANDO!**

More information about the MACCIH is available at www.oas.org/maccih.

5



Press release — OEA MACCIH

Mission to Support the Fight against Corruption and Impunity in Honduras | Twitter: @OEA_MACCIH | Website: www.oas.org/maccih

Reference: MCH-004/19
March 4, 2019

## MACCIH-OEA and UFECIC-MP file the ninth case of integrated criminal investigation: "Fraud on the Gualcarque"

The Special Prosecutor's Unit Against Corruption of Impunity of the Public Prosecutor of Honduras (UFECIC-MP, Unidad Fiscal Especial contra la Corrupción de la Impunidad del Ministerio Público de Honduras) filed today before the Court of First Instance of the Anti-Corruption Circuit an application by the public prosecutor against 16 people for the alleged offenses of fraud, abuse of office, breach of the duties of public officials, negotiations incompatible with acting in an official capacity and falsification of documents, to the detriment of the State, in the so-called "Fraud on the Gualcarque" (Fraude sobre el Gualcarque) case

Based on claims filed by the Lenca and environmentalist indigenous leader Bertha Cáceres, who was murdered 3 years ago, the UFECIC-MP submitted supporting evidence that the accused had committed various offenses against the public administration, in order to achieve that the company Desarrollos Energéticos S.A. (**DESA**), was the successful bidder of the Operation Contract and the Water Contract on the Gualcarque River, with the Secretariat of Natural Resources and the Environment (**SERNA**, Secretaría de Recursos Naturales y Ambiente) and a Contract to Supply Electricity and Power with Empresa Nacional de Energía Eléctrica (**ENEE**), as well as the Operation Contract for the Generation, Transmission and Commercialization of Electric Power between SERNA and DESA S.A. (Agua Zarca Hydroelectric Power Plant) and Contract No. 043-2010 to Supply Electricity and Power signed on June 3, 2010 between ENEE and DESA.

The application by the public prosecutor was filed against:

1) Francisco Rafael Rivas Bonilla
2) Julio Alberto Perdomo Rivera
3) Catarino Alberto Cantor López
4) Luis Eduardo Espinoza Mejía
5) Ana Lourdes Martínez Cruz
6) Aixa Gabriela Zelaya Gómez
7) Darío Roberto Cardona Valle
8) Mauricio Fermín Reconco Flores
9) José Mario Carbajal Flores
10) Óscar Javier Velásquez Rivera
11) Roberto Aníbal Martínez Lozano
12) Roberto David Castillo Mejía
13) Julio Ernesto Eguigure Aguilar
14) Raúl Pineda
15) Carolina Lizeth Castillo Argueta
and 16) Saida Odilia Pinel

1

They are accused of the alleged offenses of:

- Abuse of office
- Breach of the duties of public officials
- Forgery of documents.
- Negotiations incompatible with acting in an official capacity
- And Fraud.

The investigation that concluded with today's application was conducted by the Integrated Criminal Investigation and Prosecution Team, made up of prosecutors and investigators of the Special Prosecutor's Unit Against Corruption of Impunity of the Public Prosecutor of Honduras (UFECIC-MP) with the active collaboration of the Mission to Support the Fight against Corruption and Impunity in Honduras of the Organization of American States (MACCIH-OEA, Misión de Apoyo contra la Corrupción y la Impunidad en Honduras de la Organización de los Estados Americanos). In addition, we had the support of the Special Public Prosecutor's Office of Ethnic Groups and Cultural Heritage and of the Special Public Prosecutor's Office for the Protection of the Environment.

For this case, the starting point of the UFECIC/MACCIH was the more than 40 claims that Bertha Cáceres filed before the Public Prosecutor's Office concerning alleged irregularities that would have been committed in different water resources concessions, which would affect the Lenca community. In particular, the UFECIC/MACCIH selected those claims related to the Agua Zarca Project as a case for an integrated criminal investigation.

**The Coordinator of the Division for the Prevention and Fight against Corruption of the MACCIH, Ana María Calderón, assured that** *"this joint action demonstrates once again the commitment of the MACCIH-OAS to continue promoting the fight against corruption through the state institutions." "In view of the findings presented today, the Mission suggests that the contracts that are still in force and the regulations that regulate them be reviewed, given that should this energy policy continue, an imbalance in the market could lead to the bankruptcy of the ENEE, given that it is possible that all of the contracts tied to renewable sources are under the same modality."*

The "Fraud on the Gualcarque" case is the ninth case of an integrated criminal investigation filed by the team formed by UFECIC-MP and MACCIH-OAS. The previous ones were the "Network of Congressmen" (Red de Diputados) case, the "Petty Cash of the First Lady" (Caja Chica de la Dama) case, the "Pact of Impunity" (Pacto de Impunidad) case, the Pandora case, the "Seizure of Assets" (Aseguramiento de Bienes) case, the "Petty Cash of the Brother" (Caja chica del Hermano) case, the "Fraudulent Social Security Bidding Procedure" (Licitación Fraudulenta del Seguro Social) case and the "Opportunity makes a thief" (Arca Abierta) case.

**The case**

The investigation revealed the following findings:

1) Empresa Desarrollos Energéticos S.A. (DESA), was incorporated on May 20, 2009 by Roberto Antonio Abate Ponce and Geovanny Isidro Abate Ponce with a capital of HNL 25,000.00. Evidence has been found that Roberto Castillo was already at that time a de

2

facto representative of DESA.

2) Roberto David Castillo Mejia worked as Technical Assistant to the Management in ENEE, at the same time that he exercised effective control of the company DESA. This appointment allowed him to attend as a guest the meetings of the Board of Directors where the authorization and approval of the contracts covered by Decree 70-2007 was being dealt with, specifically the contract with the company DESA, showing a conflict of interest.

3) As a consequence of the said meetings, RESOLUTION No. 01-JD-1078-2010 was issued, by the Board of Directors of ENEE, which passed the following resolution: *to authorize the administration to initiate the process of approval of the Contracts for the Supply of Electric Power between ENEE and the companies that includes Desarrollos Energéticos S.A. de C.V. (DESA).*

4) After obtaining the power supply contract from the ENEE, Roberto David Castillo Mejía, formalized his relationship with DESA, given that he became the Chair of the Board of Directors and he was granted a part of the shares of DESA, to through an entity based in Panama called Potencia de Energía de Mesoamérica S.A. (PEMSA), whose partners and directors turned out to be Roberto David Castillo and Carolina Lizeth Castillo Argueta *(who is the person who signed the contract with ENEE on behalf of DESA)*. The foregoing shows that Castillo Mejía during his time as an ENEE official hid the connections he had with the company DESA, in which he had a direct shareholding, first hiding the shares through a public corporation he was a partner and director of and then having who was his partner in the said Panamanian company sign the contract.

5) The collusion of Roberto David Castillo Mejía with ENEE officials to favor DESA is shown by the administrative anomalies that occurred in the approval and assignment of the contract for the supply of electric power to DESA:

   a) David Castillo Mejía, Second Lieutenant of Intelligence was working in the Directorate of Intelligence of the Secretariat of Defense, when he joined the Empresa Nacional de Energía Eléctrica in June 2007, as part of the ENEE's receivers. Since he joined he worked with Carolina Lizeth Castillo Argueta.

   b) Carolina Castillo Argueta was president of the Union of Workers of the ENEE that allowed her to be aware of the Feasibility Study for the Gualcarque Hydroelectric Project, file 28-E-2003, corresponding to a generating capacity of 6 MW in the location classified with the number 460. This project was declared inadmissible by the then General Secretary of the SERNA due to not complying with the legal requirements.

   c) At the time of the approval and signing of the contract, Roberto David Castillo Mejía, worked in the ENEE, as Technical Assistant of Roberto Aníbal Martínez Lozano, who signed the contract with DESA, in his capacity as Manager of Empresa Nacional de Energía Eléctrica (ENEE).

   d) The contract was signed without it being verified that DESA was not registered in the registry of suppliers and contractors of the State, thus violating the provisions in article 34 of the Government Procurement Law and its Regulation.

   e) The said contract was assigned to a newly incorporated company, that did not have the skills, experience and capital to develop a project of such magnitude.

6) The Fraud is shown by a series of irregular administrative procedures to favor the project that the company DESA would develop, with the participation of several officials from different public institutions (SERNA, ENEE, INA (Instituto Nacional Agrario [National Agrarian Institute]), ICF (Instituto Nacional de Conservación y Desarrollo Forestal [National Institute of Forest Conservation and Development]) and the Municipality of San Francisco de Ojuera), who expedited the procedure of the Agua Zarca Hydroelectric Project, in an

3

irregular manner, with evident coordination among the now accused:

a) The Project Feasibility Study that was requested from the SERNA on October 5, 2009 and granted on December 16 of that same year, went through 4 specialized directorates within the institution and was authorized without reliably locating the land subject to the concession, nor verifying who it belonged to; without the terms of reference being adapted to the regulations and without submitting a proof of municipal consent from the community. The irregularities were noticed by the Legal Department of SERNA, but they gave a favorable opinion to the project without waiting for the requirements that they themselves observed not being met being remedied.

b) In addition, the feasibility study is a detailed and complex process that takes months of measurements and analysis, but the legal representative of DESA submitted the study completed 24 hours and 5 minutes after its authorization. It has been established during the investigation that the Study contained data from the Feasibility Study done in 2003 for a similar project that was to be financed by ENEE and its Workers' Union (whose chair was Carolina Lizeth Castillo Argueta) and that was rejected.

c) The contract for the National Water Utilization of the project was signed on January 22, 2010, by and between the Undersecretary of Natural Resources and Carolina Lizeth Castillo Argueta, Legal Representative of DESA, despite the fact that the National Energy Commission recommended that contracts were not signed with developers that did not meet the legal requirements, in this case in particular the environmental document and the land ownership document. That situation is repeated in the issuance of the Operating Contract for the Generation, Transmission and Commercialization of Electric Power.

d) On March 24, 2011, SERNA issued the Category 2 Environmental License for the Agua Zarca Hydroelectric Project, availing itself of a series of situations contrary to the legislation, among which the incorrect classification of the project stands out. Categorizing the project at a lower level than the one that is applicable under the law increases the benefits that DESA would receive for its investment in two ways: lowering the licensing costs, by reducing the payments to the Government on account of the concession and reducing opportunity costs, bypassing the requirement to submit a complete Environmental Study that would require volume of flow measurements for two years after its authorization. The issuance of the licenses is subsequent to the contracts, contravening the regulations in that regard.

e) In 2011, the Company DESA requested the extension of the Contracts and the Environmental License for the Agua Zarca Hydroelectric Project, requesting the approval of a generating capacity of 21 MW. These increases were justified in an optimization process that included the addition of a third turbine; however, the investigations have determined that the volume of flow of the Gualcarque river is not enough to activate a third turbine, not even the second turbine could produce that capacity at the times with the highest levels of precipitation. In addition, the Agua Zarca hydroelectric project was not in operation, so the feasibility of the requested extension could not be measured.

f) This point is of great importance because each turbine increases the cost of the investment of DESA, allocating several million dollars that they would never be able to produce. That investment beyond the point of efficiency can only be justified with the fact that this high level of investment would be directly reflected in the price at which they could sell the energy to the Empresa Nacional de Energía Eléctrica.

4

All the investigation shows the irresponsible actions of the public administration, that to favor the company DESA carried out illegal procedures and omitted the reports for the concession of water resources, affecting species in danger of extinction, flora, fauna and human consumption.

**WE KEEP ON WORKING!**

More information about the MACCIH is available at www.oas.org/maccih.

5



City of New York, State of New York, County of New York

I, Aurora Landman, hereby certify that the document, **"MACCIH-OEA y UFECIC-MP presentan noveno caso de investigación penal integrada: "Fraude sobre el Gualcarque"** is, to the best of my knowledge and belief, a true and accurate translation from Spanish into English.

Aurora Landman

Sworn to before me this
July 9, 2019

Signature, Notary Public



Stamp, Notary Public