# EXHIBIT 11



Poder Judicial
Honduras

# D E C R E T O  No.9-99-E

## EL CONGRESO NACIONAL,

## D E C R E T A:

**El siguiente:**

# Código Procesal Penal

## LIBRO PRIMERO

## DISPOSICIONES GENERALES

### TÍTULO I
### PRINCIPIOS BÁSICOS

### CAPÍTULO ÚNICO
### DISPOSICIONES COMUNES A TODO EL PROCEDIMIENTO

**Artículo 1. Juicio previo.** Ninguna persona podrá ser condenada a una pena ni sometida a una medida de seguridad, sino en virtud de sentencia firme dictada por el órgano jurisdiccional competente, después de haberse probado los hechos en un juicio oral y público llevado a cabo conforme los principios establecidos en la Constitución de la República, los Tratados Internacionales de los cuales Honduras forma parte y el presente Código y con respeto estricto de los derechos del imputado.

**Artículo 2. Estado de inocencia.** Todo imputado será considerado y tratado como inocente mientras no se declare su culpabilidad por el órgano jurisdiccional competente de conformidad con las normas de éste Código.





Poder Judicial
Honduras

**Artículo 13. Igualdad de los intervinientes.** Los jueces y magistrados velarán por la efectiva igualdad de los intervinientes en el proceso.

**Artículo 14.   Inviolabilidad del derecho a la defensa.** El derecho de defensa es inviolable.

El imputado y su defensor tienen derecho a estar presentes en los actos del proceso que incorporen elementos de prueba y a formular las peticiones y observaciones que consideren oportunas, sin perjuicio del ejercicio del poder disciplinario de la autoridad correspondiente, cuando los derechos en referencia perjudiquen el curso normal de los actos o del proceso.

Los órganos encargados de la persecución penal estarán obligados a hacer valer con igual celo, no solo los hechos y circunstancias que establezcan y agraven la responsabilidad del imputado, sino también, las que lo eximan de ella, la extingan o atenúen.

**Artículo 15.   Asistencia técnica y defensa.** Toda persona deberá contar con la asistencia y defensa técnica de un profesional del derecho, desde que es detenida como supuesto partícipe en un hecho delictivo o en el momento en que voluntariamente rinda declaración, hasta que la sentencia haya sido plenamente ejecutada.

Si el imputado no designa defensor, la autoridad judicial solicitará de inmediato el nombramiento de uno de la defensa pública o, en su defecto, lo nombrará ella misma.

Éste derecho es irrenunciable. Su violación producirá la nulidad absoluta de los actos que se produzcan sin la participación del defensor del imputado.

**Artículo 16. Derechos de la víctima de un delito o falta.** La víctima de un delito o falta tendrá derecho a:

1) Constituirse en acusador privado o querellante y a intervenir como tal en todo el proceso conforme lo establecido en el presente Código. Para lograr lo anterior, si lo necesita, tendrá derecho a ser asistido por el Ministerio Público en el caso de carecer de medios económicos;

2) Ser informada de los resultados del proceso aún cuando no haya intervenido en él, siempre que lo solicite;

3) Ser escuchada antes de cada resolución que implique la extinción o suspensión de la acción penal, siempre que lo solicite;

4



CEDIJ
Somos Tu acceso



Poder Judicial
Honduras

4) Participar en las audiencias públicas conforme lo establecido por éste Código;

5) Objetar ante el superior del fiscal que interviene en el proceso, el archivo administrativo indebido de las diligencias, en los casos previstos en el presente Código; y,

6) Los demás consignados en otras leyes.

La víctima será informada sobre sus derechos en el momento de presentar su denuncia ante el Ministerio Público o la acusación, o la querella ante el juez competente o en el momento de su primera intervención en el proceso.

**Artículo 17. Quiénes tienen el carácter de víctimas.** Tendrá el carácter de víctima:

1) El directamente ofendido por el delito, incluyendo el Estado y demás entes públicos o privados;

2) El cónyuge o compañero de vida, los hijos, los padres adoptivos, los parientes dentro del cuarto grado de consanguinidad o segundo de afinidad y los herederos en los delitos cuyo resultado haya sido la muerte del ofendido; y,

3) Los socios respecto de los delitos que afecten a una sociedad mercantil o civil y los comuneros con respecto al patrimonio proindiviso.

**Artículo 18. Interpretación de pasajes oscuros de la ley.** Los pasajes oscuros o contradictorios de la ley penal se interpretarán del modo que más favorezca a la persona imputada.

**Artículo 19. Fuentes auxiliares de la actividad judicial.** La jurisprudencia, los principios generales del derecho y la doctrina en cuanto fuentes auxiliares del derecho, serán tenidos también en cuenta en la actividad judicial.

**Artículo 20. Generalidad de las garantías y principios procesales.** Las garantías y principios previstos en éste Código serán observados en todos los procedimientos, cuando como consecuencia de ellos, se deban aplicar sanciones penales o medidas restrictivas de la libertad a una persona.

**Artículo 21. Respeto a los jueces y magistrados y acatamiento de sus decisiones.** Los funcionarios, empleados públicos y personas particulares, guardarán a los jueces y magistrados el respeto y consideración que por su alta investidura merecen.

5





Poder Judicial
Honduras

# CAPÍTULO III
## DEL ACUSADOR PRIVADO

**Artículo 96.  El acusador privado y los delitos de acción pública.** En los delitos de acción pública, la víctima o su representante legal podrá provocar la persecución penal con la asistencia de un profesional del derecho debidamente colegiado y en el pleno ejercicio de su profesión, o intervenir en la ya iniciada por el Ministerio Público, con todos los derechos y facultades que le confieren la Constitución de la República, el presente Código y las leyes especiales.

Cuando la víctima acredite carecer de medios económicos suficientes para ejercitar la acción privada, será representada por el Ministerio Público.

El mismo derecho tendrá cualquier persona, natural o jurídica, contra los funcionarios o empleados públicos que, en el ejercicio de sus funciones o con ocasión de las mismas, hayan violado derechos humanos.

La participación de la víctima como acusador, no impedirá que el Ministerio Público cumpla con las funciones que le atribuye el presente Código o su respectiva ley, ni lo eximirá de sus responsabilidades.

Lo dispuesto en éste artículo se entenderá sin perjuicio de lo prescrito por el *artículo 230 de la Constitución de la República.*[8]

**Artículo 97. Proposición de actuaciones por el acusador privado.** Si el acusador privado pretende la práctica de alguna actuación no dispuesta por el Ministerio Público, requerirá a éste para que dé las órdenes oportunas a efecto de que se lleve a cabo.

El Ministerio Público resolverá motivadamente, lo que estime oportuno en el plazo de veinticuatro (24) horas. Si denegare la práctica de la actuación requerida, el acusador privado podrá solicitar al juez de letras competente que ordene su ejecución y éste, en el plazo de cuarenta y ocho (48)  horas, decidirá lo que tenga por conveniente.

**Artículo 98. Representación de la víctima de un delito por una asociación.** La persona directamente ofendida por el delito podrá conferirle su representación a un

---

[8]  **Artículo 96. Constitución de la República, Artículo 230. Las acciones civiles que resultaren de las intervenciones fiscalizadoras del Tribunal Superior de Cuentas, serán ejercidas por el Procurador General de la República, excepto las relacionadas con las municipalidades que quedarán a cargo de los funcionarios que las leyes indiquen y, en su defecto, por la Procuraduría General de la República.**

30



CEDIJ
Somos Tu acceso



Poder Judicial
Honduras

profesional del derecho, que preste sus servicios a una asociación de protección o ayuda dotada de personalidad jurídica y sin fines de lucro.

**Artículo 99. Requisitos de la acusación privada.** La acusación privada contendrá:

1) Establecer la suma y la designación del tribunal, contentiva del delito por el cual se acusa;

2) El nombre, apellidos y demás generales de quien se propone actuar como acusador privado;

3) Una relación sucinta de los hechos;

4) El nombre, apellidos y demás generales del imputado, si los conoce el acusador;

5) Indicación precisa de las pruebas con que cuente o de las que tenga noticia;

6) La petición concreta de ser tenido como parte; y,

7) Manifestación expresa del poder que le confiere al profesional del derecho que lo asista y la firma del acusador.

Si quien comparece es el profesional del derecho, deberá acreditar su personería mediante escritura pública.

La falta de cualquiera de los requisitos señalados no impedirá que se admita para trámite el correspondiente escrito, pero el juez respectivo ordenará al acusador privado que lo enmiende dentro de los tres (3) días siguientes, so pena de declararlo sin lugar.

Si el escrito se declara sin lugar, tal hecho no será obstáculo para que se presente nuevamente la acusación.

**Artículo 100. Separación y abandono de la acción privada.** El acusador privado podrá en cualquier momento, apartarse expresamente o abandonar el proceso.

La separación se hará mediante manifestación en ese sentido ante el órgano jurisdiccional competente.

El abandono se producirá cuando citado para prestar declaración o para la ejecución de cualquier medio de prueba, para cuya práctica sea necesaria su presencia, el acusador privado no comparece sin justa causa o se niega a colaborar para la práctica de la diligencia. La justa causa se acreditará antes de que se decrete el abandono.

31



CEDIJ
Somos tu acceso



Poder Judicial
Honduras

El abandono será declarado de oficio, a petición del fiscal o de partes.

La separación y el abandono impedirán toda posterior participación en el proceso, pero en ambos casos, éste continuará con la intervención del Ministerio Público.

## CAPÍTULO IV
## EL IMPUTADO

**Artículo 101. Las personas imputadas y sus derechos.** Se considerará imputada toda persona a quien, en virtud de querella o por requerimiento fiscal, se atribuya participación en la comisión de un delito o falta ante los órganos encargados de la persecución penal, ya se encuentre detenido o en libertad; o que haya sido privada cautelarmente de libertad en virtud de aprehensión, detención o prisión preventiva; como tal, a partir de ese momento, podrá ejercer todos los derechos que la Constitución de la República, los tratados o convenios internacionales y éste Código le reconocen, desde el primer acto del procedimiento hasta su finalización.

A toda persona imputada se le garantiza su defensa. Tendrá derecho, en consecuencia, a:

1) Que la correspondiente autoridad le indique en el acto en forma clara y precisa, cuáles son los hechos constitutivos de delito que se le atribuyen;

2) Que se le permita comunicar de manera inmediata el hecho de su detención y el lugar en que se encuentra detenida, a la persona natural o jurídica que él desee.

Si la persona natural o jurídica destinataria de la comunicación se encontrare fuera del territorio de la República de Honduras, el hecho de la detención y el lugar en que se encuentre la persona detenida se pondrán en conocimiento de la representación diplomática o consular correspondiente.

En defecto de todos ellos, la información se dará al Comisionado Nacional de los Derechos Humanos.

La persona detenida podrá realizar por sí misma dicha comunicación, salvo que se haya decretado la secretividad de la investigación, en cuyo caso, lo hará la autoridad o funcionario a cuya disposición se encuentre dicha persona.



CEDIJ
Somos tu acceso



Poder Judicial
Honduras

5) La petición que, según las circunstancias, proceda conforme a derecho; y,

6) El lugar, fecha, firma y sello del fiscal.

# CAPÍTULO IV

## DE LA AUDIENCIA INICIAL

**Artículo 294. Audiencia inicial.** *El día y hora señalados, tendrá lugar la audiencia inicial con la presencia del imputado, el defensor, el fiscal y el acusador privado, en su caso. La ausencia del imputado o del acusador privado no impedirá que se celebre la audiencia.*

*El juez concederá la palabra al fiscal y al acusador privado, para que expliquen y fundamenten sus requerimientos, y al defensor para que plantee lo que considere procedente a favor del imputado.*

*La parte que pretenda evacuar elementos de prueba, se hará cargo de su presentación en la audiencia y el juez resolverá únicamente con aquellos que se incorpore. De inmediato el juez pronunciará resolución:*

1) *Dictando sobreseimiento provisional;*

2) *Dictando sobreseimiento definitivo; y,*

3) *Decretando auto de formal procesamiento o declaratoria de reo.*

*En ésta audiencia se deberá efectuar una mínima actividad probatoria con la finalidad de aportar material indiciario para resolver sobre la probable realización del hecho que se imputa, sobre su relevancia jurídico penal y la probabilidad de la participación del imputado en él, así como la concurrencia de los presupuestos legitimadores para la imposición de una medida cautelar determinada.*[31]

**Artículo 295. Sobreseimiento provisional.** El juez dictará sobreseimiento provisional si, no obstante haber plena prueba de la comisión del delito, no hay indicio racional de que el imputado haya tenido participación en el mismo, pero las pruebas presentadas dan margen para sospechar que si la tuvo y existe, además, la posibilidad de que en el futuro se incorporen nuevos elementos de prueba, lo cual deben señalarse de manera concreta en la resolución respectiva.

---

[31] **Artículo 294. Reformado por Decreto No.74-2013 de fecha 8 de mayo de 2013 y publicado en el Diario Oficial La Gaceta No.33,301 de fecha 11 de diciembre de 2013. Vigente a partir de su publicación.**

108



CEDIJ
Somos tu acceso



Poder Judicial
Honduras

La prórroga no significará una ampliación del plazo máximo de duración del Procedimiento previsto en éste Código.

**Artículo 301. Celebración de la audiencia preliminar.** En la audiencia preliminar el fiscal y el acusador privado, en su caso, formalizarán acusación, haciendo una exposición que deberá contener:

1) Una relación breve y precisa de las acciones u omisiones en que se funda la acción;

2) La expresa mención de los aspectos más relevantes de la investigación realizada en torno de dichas acciones u omisiones;

3) La calificación de los hechos, conforme lo dispuesto por el Código Penal o la ley especial de que se trate. En caso de duda la calificación podrá recaer, alternativamente, sobre delitos que se excluyan entre sí;

4) La participación que en las acciones u omisiones tuvo el imputado; y,

5) El mínimo y el máximo de las penas que considere deban aplicarse al indiciado o indiciados según resulte de su participación en el delito, sin perjuicio de las precisiones o modificaciones que a éste respecto se puedan introducir en el debate.

Después de las intervenciones del fiscal y del acusador privado, se dará la palabra al defensor para que conteste los cargos formulados contra el imputado. Cumplido lo anterior, se clausurará la audiencia.

**Artículo 302. Auto de apertura a juicio.** Dentro de los tres (3) días siguientes a la celebración de la audiencia preliminar, el juez dictará el auto de apertura a juicio, el que deberá contener:

1) Los nombres y apellidos y, de ser posible, número de identidad o pasaporte en su caso de las partes;

2) La descripción de las acciones u omisiones por las cuales se acusa. Si existe discrepancia entre la acusación presentada por el fiscal y la del acusador privado, el juez tratará de compatibilizarlas y, de no ser posible, se estará al contenido de la primera;

3) La orden de que se tramiten separadamente las acciones que no puedan acumularse o que se acumulen las conexas;

111





Poder Judicial
Honduras

Podrán también las partes proponer nuevos medios de prueba, siempre que puedan practicarse sin necesidad de suspender las sesiones del juicio.

El tribunal resolverá en el mismo acto lo procedente, sobre las cuestiones planteadas, o se reservarán para resolver todas o alguna de ellas en su sentencia.

**Artículo 321.  Ampliación de acusación.** Si durante el juicio se tienen noticias de circunstancias o hechos, relacionados con el hecho objeto del juicio, que no hayan sido mencionados en la acusación y que puedan modificar la calificación legal o la pena del delito, el fiscal o el acusador privado podrá modificar su calificación o ampliar oralmente la acusación para que aquellos sean considerados durante el debate.

Si las circunstancias o hechos señalados en la ampliación exigen nuevos elementos de prueba, cualquiera de las partes podrá pedir la suspensión del juicio y el imputado, por su parte, tendrá derecho a pedir se amplíe su declaración.

Aún no siendo necesaria la práctica de prueba, el defensor del acusado podrá solicitar igualmente la suspensión del juicio por el tiempo preciso, para preparar la defensa frente a la ampliación de la acusación.

La corrección de simples errores materiales, o la inclusión de alguna circunstancia que no modifique esencialmente la imputación ni afecte el derecho de defensa, no tendrán el carácter de ampliación.

En caso de descubrimiento de hechos nuevos, independientes, conexos o no con el hecho objeto del juicio que puedan constituir delito, se abrirá un procedimiento diferente para su investigación y enjuiciamiento separados.

**Artículo 322.  Conformidad del imputado con la acusación.** Antes de iniciarse la práctica de la prueba, el acusador y la defensa, con la aquiescencia del acusado, podrán pedir al tribunal que dicte sentencia aplicando al imputado la pena que en ese momento sea solicitada, de acuerdo con el escrito de acusación inicial o con la modificación que en éste momento se proponga, pena que en ningún caso podrá ser inferior al mínimo que señala el Código Penal para el delito o concurso de delitos de que se trate.

No obstante, si el tribunal estima que el hecho imputado pudiera no ser típico o estar cubierto por una eximente de responsabilidad penal, no estará vinculado por la conformidad manifestada por las partes y ordenará la prosecución del juicio.

Lo mismo acordará motivadamente cuando la petición de las partes entrañe fraude de ley sustantiva o procesal.

120





Poder Judicial
Honduras

De lo contrario, el tribunal procederá a dictar sentencia de estricta conformidad con lo solicitado por las partes.

**Artículo 323.  Declaración del imputado.** Cumplido lo dispuesto en el artículo 319, el presidente del tribunal le concederá la palabra al imputado para que deponga si lo desea, lo que considere oportuno sobre los cargos formulados en su contra.

Después de su exposición, el imputado podrá ser interrogado, por su orden, por el fiscal, por el acusador privado, cuando lo haya, por el defensor y por los miembros del tribunal.

En cualquier estado del juicio, el imputado podrá ser nuevamente interrogado por las personas y funcionarios a que se refiere el párrafo anterior, con el fin de que aclare o amplíe sus manifestaciones.

**Artículo 324.  Declaración de varios imputados.** Si son varios los imputados, en la audiencia sólo podrá estar presente quien éste rindiendo su declaración.

**Artículo 325.  Recepción de pruebas.** Rendida la declaración del imputado, cuando lo haya, se recibirán las pruebas propuestas por las partes, en el orden indicado por éstas, y en la forma prevista en los artículos 326 al 332.

**Artículo 326. Dictamen pericial.** Una vez identificados, los peritos serán juramentados y advertidos de las consecuencias legales de sus actos, si faltan a la verdad. Rendirán sus dictámenes en forma verbal y, mientras cumplen sus funciones, podrán consultar documentos de cualquier clase. Si el dictamen pericial se ha rendido por escrito, se leerá durante la audiencia, a efectos de su ratificación y sin perjuicio de lo dispuesto en el párrafo tercero de éste artículo.

Siempre que sea posible, las operaciones periciales se efectuarán en la audiencia misma.

Los peritos responderán las preguntas que les formulen las partes, los consultores técnicos y los miembros del tribunal.

Lo dispuesto en éste artículo será aplicable, en lo pertinente, a los intérpretes.

**Artículo 327.  Incomparecencia del perito.** Cuando el perito oportunamente citado, se negare a comparecer sin causa justificada, será citado por segunda vez; el juicio se continuará para la práctica de la prueba pendiente si ello fuere posible, de no serlo, se suspenderá.

Si el perito, no compareciera a la segunda citación, el presidente ordenará que sea conducido por medio de la fuerza pública y solicitará a quien lo propuso, colabore con la diligencia.

121



Poder Judicial
Honduras

La indicada resolución será apelable en ambos efectos.

**Artículo 439. Prescripción.** La acción para deducir la responsabilidad civil por medio de éste procedimiento especial, prescribirá a los cinco años de haber adquirido el carácter de firme la respectiva sentencia condenatoria.

**Artículo 440. Repetición.** Los terceros demandados deberán cumplir la resolución sin perjuicio del derecho de repetición contra los directamente obligados, en juicio ordinario civil posterior. También podrán ejercer acción por la misma vía contra el propio demandante, fundándose en que no hubo causa suficiente para la obligación que se les hizo cumplir.

# CAPITULO VII[46]
## PROCEDIMIENTO EXPEDITO PARA LOS DELITOS EN FLAGRANCIA

**Artículo 440-A. Procedencia.** El Ministerio Público podrá solicitar la aplicación del procedimiento expedito para los delitos en flagrancia, cuando la persona fuese sorprendida y detenida en la ejecución o tentativa de un acto delictivo de orden público; o cuando sea perseguido y detenido a continuación de éstos actos; asimismo, cuando sea sorprendida o fuese detenida en posesión de objetos que constituyan indicios incriminatorios evidentes de la comisión de un delito, se le juzgará por medio de juicio por delito flagrante, conforme dispone éste capítulo.

En casos excepcionales, aún cuando se trate de un delito flagrante, se aplicará el procedimiento ordinario siempre que concurran las circunstancias siguientes:

1- Se trate de un delito de investigación compleja, a causa de la multiplicidad de los hechos relacionados o por el elevado número de imputados o de víctimas;
2- Que las investigaciones requieran el cumplimiento de actuaciones en el exterior; y,
3- Que se requiera la práctica de pruebas de difícil realización.

En éstos casos, el juez, una vez garantizados los derechos al imputado, adoptará las providencias y medidas para el señalamiento de la audiencia inicial de conformidad a lo establecido en el artículo 292 de éste Código.

**Artículo 440-B. Trámite Inicial.** El sospechoso detenido en flagrancia deberá ser informado en el acto y con toda claridad de sus derechos y hechos que se le imputan,

---

[46] **Capítulo VII. Procedimiento Expedito para los Delitos en Flagrancia. Artículos 440-A al 440-O. Reforma por Adición según Decreto No.74-2013 de fecha 8 de mayo de 2013 y publicado en el Diario Oficial La Gaceta No.33,301 de fecha 11 de diciembre de 2013. Vigente a partir de su publicación.**

www.poderjudicial.gob.hn





Poder Judicial
Honduras

posteriormente será trasladado de inmediato por las autoridades de policía actuantes, al Ministerio Público junto con la totalidad de la prueba con la que se cuente, la cual podrá exponerla de manera oral al Ministerio Público, quien decidirá si existe mérito para la aplicación de un juicio expedito.

**Artículo 440-C. Nombramiento de defensa técnica.** El fiscal una vez iniciada la investigación, conformará el nombramiento de la defensa técnica del sospechoso, y en caso de negativa del mismo o que no comparezca su defensor particular en el término de dos (2) horas, se procederá a nombrar de oficio un defensor público para que lo asista en el procedimiento.

Constituida la defensa técnica del investigado, el fiscal le informará oralmente sobre los hechos imputados y los elementos de prueba hasta ese momento recabados, sin poner en riesgo la efectividad de la persecución penal, con el propósito de que prepare su defensa.

**Artículo 440-D. Solicitud de audiencia ante el Juez de Letras.** Cuando el fiscal considere pertinente la aplicación del juicio expedito y constituida la defensa técnica, procederá a solicitar oralmente al Juez de Letras respectivo que realice una audiencia para conocer de su solicitud, en relación a la procedibilidad del trámite y la imposición de la medida cautelar, a su vez, pondrá a la orden del juzgado al detenido dentro de las veinticuatro (24) horas siguientes a su detención. El juez, escuchadas las partes, resolverá de inmediato, oralmente, determinando si concurren o no los requisitos para aplicar el procedimiento en flagrancia.

Contra la admisión de la solicitud del Ministerio Público procederá oralmente la interposición y substanciación del recurso de apelación ante el juez que dictó la resolución; sin más trámite, se remitirán las diligencias a la Corte de Apelaciones respectiva, la cual resolverá dentro del plazo de las veinticuatro (24) horas siguientes de recibidas las actuaciones y remitirá inmediatamente las diligencias al tribunal de primera instancia para que proceda de conformidad a la decisión adoptada. La resolución de la Corte de Apelaciones es irrecurrible.

En la misma resolución que se determina la procedibilidad del trámite se señalará día y hora para la celebración de la audiencia de preparación, la cual deberá de practicarse dentro de un término de cuarenta y ocho (48) horas. Respecto al señalamiento de la audiencia, la resolución es irrecurrible.





Poder Judicial
Honduras

**Artículo 440-E. Dictado de la medida cautelar.** Cuando el fiscal considere la conveniencia de la imposición de la prisión preventiva o cualquiera otra medida cautelar, lo podrá solicitar así al Juzgado de Letras, desde el inicio del proceso. En caso de que el Juzgado de Letras, conforme a los parámetros establecidos en éste Código, considere proporcional y razonable la solicitud del fiscal, establecerá la medida cautelar de prisión preventiva al imputado, la cual no podrá sobrepasar los treinta (30) días hábiles, contados a partir de la notificación de la resolución emitida por el Juzgado de Letras respectivo imponiendo la correspondiente medida cautelar.

Para todo aquello que no se indique expresamente en éste artículo, regirán las reglas de las medidas cautelares que se regulan en el Título VI, Capítulo I, II y III del Código Procesal Penal.

**Artículo 440-F. Audiencia de preparación**. Definida la procedencia del juicio expedito, se dará inicio a la audiencia de preparación en la cual las partes propondrán los medios de pruebas que utilizarán para acreditar sus pretensiones, posteriormente se abrirá un turno para que planteen, en su caso, las recusaciones, excepciones, nulidades o la aplicación de cualquier medida alternativa del proceso penal. En dicha audiencia se presentarán y ejecutarán las pruebas que se relacionen con los planteamientos expuestos.

Tales cuestiones serán resueltas por el Juzgado de Letras, en audiencia que deberá celebrarse dentro de las veinticuatro (24) horas siguientes a la fecha de presentación de las pretensiones efectuadas por las partes. En la misma resolución se señalará día y hora para la celebración de la audiencia de juicio, que deberá de celebrarse en un plazo no mayor de cinco (5) días.

La resolución que resuelva el planteamiento podrá ser recurrida en apelación de manera diferida.

**Artículo 440-G. Audiencia de juicio.** En el día y hora señalada se dará inicio a la audiencia de juicio, en la cual y a falta de conformidad del imputado con la acusación, el juzgado comprobada la presencia de las partes, testigos y peritos, en su caso; en la primera parte de ésta audiencia, el fiscal expondrá oralmente la acusación dirigida en contra del imputado, donde se describan los hechos y se determine la calificación legal de éstos, así como el señalamiento del orden en que se evacuarán las pruebas. La defensa podrá referirse a la pieza acusatoria y realizar sus consideraciones sobre ella, además de indicar el orden de evacuación de la prueba.

El juez verificará que la acusación sea clara, precisa, circunstanciada y que el hecho atribuido sea típico. En caso contrario, el fiscal deberá corregirla oralmente en el acto.

De la audiencia quedará registro digital en video y audio; tendrán acceso a ella las partes, por medio de una copia.

162





Poder Judicial
Honduras

**Artículo 440-H. Realización del juicio.** En la segunda parte de la audiencia de procedimiento expedito se verificará el juicio, donde se recibirá declaración al imputado. Acto seguido se evacuará la prueba propuesta por las partes iniciando con la del Ministerio Público, el acusador privado, en su caso, y la prueba de la defensa.

Terminada la recepción de las pruebas el juez concederá, sucesivamente la palabra al fiscal, al acusador privado y al defensor para que en ese orden expresen sus conclusiones.

El fiscal y los representantes de las partes, podrán hablar por segunda vez, con la venia del juez, para aclarar conceptos.

El juez impedirá las divagaciones, repeticiones o interrupciones. Si el fiscal o el acusador privado, en su caso modificasen la calificación inicial del hecho, considerándolo como falta, la competencia del tribunal se extenderá al pronunciamiento sobre éste extremo.

La víctima podrá hacer uso de la palabra por una sola vez, aunque no hubiera intervenido en el proceso. Finalmente, el juez preguntará al imputado si tiene algo más que manifestar. Inmediatamente después de lo que él exprese, declarará cerrado el debate.

Escuchadas las conclusiones, el juez declarará cerrada la audiencia y citará a las partes dentro de un término de tres (3) días a fin de notificar la sentencia que hubiese dictado conforme a derecho, con la obligación de pronunciar copia de la misma a las partes.

**Artículo 440-I. Recursos.** En contra de la sentencia dictada en éste procedimiento procederá el recurso de apelación conforme a las reglas establecidas en éste Código.

En éste recurso podrá solicitarse el examen de la decisión judicial respecto a las recusaciones, excepciones o nulidades que se hayan resuelto en la audiencia de preparación.

**Artículo 440-J. Sobre la acción civil de la querella.** En lo referente al procedimiento para deducir la responsabilidad civil se atenderá el procedimiento especial establecido en el Libro Quinto, Capítulo VI de éste Código.

**Artículo 440-K. Garantías.** Se entenderá para todos los efectos de éste Código y especialmente laborales, que la víctima y testigos tendrán derecho a licencia con goce de sueldo por parte de su patrono, privado o público, cuando tenga que asistir a las diligencias judiciales o comparecer ante el llamamiento judicial y por el tiempo necesario para ello. Con el objeto de comprobar la asistencia a tales actos, el tribunal que conoce de la causa deberá extender el comprobante respectivo en el que se indique la naturaleza del acto y la duración efectiva del mismo.

163



CEDIJ
Somos tu acceso



Poder Judicial
Honduras

**Artículo 440-L. Localización y horarios.** Mediante Reglamento se definirá la localización y horarios de jueces, fiscales, defensores públicos y personal auxiliar de los mismos.
La fijación de los días y del horario de atención al público podrá establecerse en jornadas nocturnas, de fines de semana, días feriados y de fiesta nacional, para la mejor prestación del servicio de la administración de justicia, de la forma que los términos establecidos en éste Código se puedan cumplir efectivamente.

**Artículo 440-M. Duración del proceso.** Cuando proceda la aplicación del procedimiento expedito, en ningún caso debe de transcurrir un plazo superior a treinta (30) días hábiles entre el inicio del procedimiento y la celebración de la audiencia por parte del tribunal en donde se dicte sentencia. El incumplimiento de ese plazo será causal de responsabilidad disciplinaria para el funcionario responsable de la demora.

**Artículo 440-N. De la jurisdicción y la competencia.** De conformidad a lo dispuesto en el artículo 313 numeral 12 de la Constitución de la República, nómbrese Jueces de Letras que habrán de conocer y aplicar lo dispuesto en el presente Título, los cuales se desempeñarán en los Juzgados de Letras de las diferentes regiones del país de acuerdo a los requerimientos concretos.

En tanto se nombran los Jueces de Letras para procedimientos expedito para los delitos en flagrancia, corresponderá su aplicación a los Jueces de Letras Departamentales o Seccionales en funciones.

**Artículo 440-O. Normas supletorias.** En lo no previsto en éste Capítulo, se aplicarán las regulaciones de éste Código de manera supletoria, en tanto sean compatibles con la naturaleza de celeridad del procedimiento expedito.

## DISPOSICIONES TRANSITORIAS Y FINALES

## CAPÍTULO I

## DISPOSICIÓN TRANSITORIA

**Artículo 441. Integración transitoria de los Tribunales de Sentencia.** Todas las disposiciones relativas a que los Tribunales de Sentencia estarán integrados por cuatro (4) jueces, tres (3) que intervendrán en el juicio y un cuarto que deberá estar presente, para enterarse de la marcha del mismo, y poder sustituir con conocimiento a alguno de los otros jueces, en caso de que le sobrevenga algún impedimento que no le permita continuar participando en el trámite, no entrarán en vigencia, sino hasta que la disponibilidad presupuestaria permita la designación del cuarto juez, mientras tanto los

164

CEDIJ
Somos Tu acceso

[logo:] Honduras Judicial Branch

# D E C R E E No.9-99-E

## THE NATIONAL CONGRESS

## D E C R E E S:

## The following:

# Code of Criminal Procedure

## BOOK ONE

### GENERAL PROVISIONS

### TITLE I

### BASIC PRINCIPLES

### CHAPTER
### PROVISIONS COMMON TO THE ENTIRE PROCEDURE

www.poderjudicial.gob.hn[logo:] CEDIJ (*Centro Electrónico de Documentación y Información Judicial* [Electronic Center for Court Documentation and Information]) *We are your access*

142

[logo:] Honduras Judicial Branch

**Article 16. Rights of the victim of a crime or offense.** The victim of any crime or offense shall have the right to:

1) Be established as a private plaintiff or complainant and intervene as such in any process pursuant to what is established in this Code. To achieve the above, if necessary, he shall have the right to be attended by a Public Prosecutor if he lacks financial means;

2) Be informed of the results of the proceedings even if he has not intervened in it, as long as he so requests it;

3) Be heard before any resolution that would entail the extinction or suspension of the criminal action, as long as he so requests it;

4

[logo:] Honduras Judicial Branch

4) Participate in public hearings pursuant to what is established in this Code;

5) Challenge the undue administrative file of the proceedings with the superior of the prosecutor that intervenes in the process, in the cases set forth in this Code; and,

6) All others prescribed in other laws.

The victim shall be informed of his rights at the time the complaint is filed with the Public Prosecutor, or the accusation or complaint with the competent court, or at the time of his first appearance in the process.

**Article 17. Those who are considered victims.** The following shall be considered victims:

1) The person directly injured by the crime, including the State and other public or private entities;

2) The spouse or life partner, children, adoptive parents, relatives to the fourth degree of consanguinity or second degree of affinity, and heirs in crimes resulting in the death of the injured party; and,

3) Shareholders, for crimes that affect a corporation or partnership, and joint owners for joint-owned equity.

5

[logo:] Honduras Judicial Branch

**Article 97. Proposition of proceedings by a private plaintiff.** If a private plaintiff intends to file any proceedings not set forth by the Public Prosecutor, this will be required to give the appropriate orders on what should take place.

The Public Prosecutor shall make a reasoned resolution about what it deems appropriate within a period of twenty-four (24) hours. If carrying out the requested proceedings is refused, the private plaintiff may ask the competent trial judge to order its execution and the judge will decide what he deems appropriate within a period of forty-eight (48) hours.

**Article 98. Representation of the victim of a crime by an association.** The person directly offended by the crime may confer his representation to a legal professional, who renders his services to a protection or assistance association that has legal personality and is a non-profit.

———————————————

[logo:] Honduras Judicial Branch

**Article 99. Requirements for the private accusation.** The private accusation shall contain:

1) Establishing the summary and designation of the court, containing the crime being accused;

2) The first and last names and other general data of the person who proposes acting as a private plaintiff;

3) A specific description of the facts;

4) The first and last names and other general data of the accused, if the accuser knows them;

5) Specific indication of the evidence he has or of which he knows;

6) The specific petition to be considered a party; and,

7) An explicit statement on the power granted to the legal professional attending him and the signature of the plaintiff.

If the person appearing is the legal professional, he must verify his personality in a public instrument.

Failure to meet the requirements listed will not prevent the corresponding writ from being admitted for processing but the respective judge will order the private plaintiff to amend it within the following three (3) days, under penalty of declaring it inadmissible.

If the writ is declared inadmissible, such act will not prevent the accusation from being filed again.

**Article 100. Separation and abandonment of the private action.** The private plaintiff may, at any time, expressly separate from or abandon the process.

The separation will be made by a declaration made before the competent jurisdictional body to this effect.

Abandonment will be produced when the private plaintiff, after being summoned to provide the declaration or to execute any evidence for which he must be present for its presentation, the private plaintiff does not appear without just cause or refuses to collaborate with the proceedings. Just cause will be verified before abandonment is decreed.

31

[logo:] Honduras Judicial Branch

Abandonment will be declared ex officio, or at the request of the prosecutor or the parties.

Separation and abandonment will prevent all subsequent participation in the process, but it will continue with the intervention of the Public Prosecutor in both cases.

[logo:] Honduras Judicial Branch

**Article 294. Initial hearing.** *The scheduled date and time will make way for the initial hearing, with the presence of the accused, defense attorney, prosecutor and private plaintiff, where applicable. Absence of the accused or private plaintiff will not prevent the hearing from being held.*

*The judge will grant the floor to the prosecutor and private plaintiff so that they can explain and provide grounds for their orders, and to the defense attorney so that he can present what he deems admissible in favor of the accused.*

*The party who intends to provide evidence will be responsible for presenting this at the hearing and the judge will only make a resolution with the evidence admitted to the case. The judge will immediately pronounce a resolution:*

1) *Ordering a provisional stay;*

2) *Ordering a definitive stay; and*

3) *Decreeing an order for formal proceedings or defendant declaration.*

*In this hearing, at minimum an evidentiary activity must be carried out with the purpose of supporting indicative evidence to make a resolution on the likelihood of the act that is being charged, on its legal-criminal relevance and the likelihood of the accused having participated in it, as well as the concurrence of legitimate presuppositions for an imposition of a certain precautionary measure.[31]*

108

---

[31]   Article 294. Reformed by Decree No. 74-2013 dated May 8, 2013, and published in the Official Journal La Gaceta No. 33,301 dated December 11, 2013. Effective as of the date of publication.

[logo:] Honduras Judicial Branch

**Article 301. Holding a preliminary hearing.** In the preliminary hearing, the prosecutor and private plaintiff, if applicable, will formalize the accusation, giving a statement that must contain:

1) A brief and specific description of the acts or omissions on which the action is based;

2) Express mention of the most relevant aspects to the investigation made surrounding said acts or omissions;

3) A categorization of the facts, as set forth by the Criminal Code or the special law in question. If there is any doubt in the categorization, it may alternatively fall back on crimes that exclude each other;

4) Participation of the accused in the acts or omissions; and,

5) The minimum and maximum penalties that they consider should be applied to the indicted according to his participation in the crime, without prejudice to the specifications or modifications that may be introduced during the debate to this respect.

After the interventions of the prosecutor and the private plaintiff, the floor will be given to the defense to respond to the charges formulated against the accused. Once the above has concluded, the hearing will be adjourned.

[logo:] Honduras Judicial Branch

**Article 321. Expansion of accusation.** If, during the trial, there is news of circumstances or acts related to the event subject to the trial, which have not been mentioned in the accusation and which could modify the legal categorization or penalty for the crime, the prosecutor or private plaintiff may modify their categorization or verbally expand on the accusation so that they can be considered during the debate.

If the circumstances or acts indicated in the expansion require new elements of evidence, either of the parties may request suspension of the trial and the accused, for his part, shall have the right to petition for his declaration to be expanded.

Even when the presentation of evidence is not necessary, the defense attorney for the accused may also request suspension of the trial for a specific length of time, in order to prepare the defense against the expanded accusation.

The correction of simple material errors, or the inclusion of any circumstance that does not essentially modify the charges or affect the right of the defense shall not be considered an expansion.

In the case of a discovery of new, independent facts, connected or not with the event subject to trial, that could constitute a crime, a different procedure will be opened for a separate investigation and trial.

**Article 322. Agreement of the accused with the accusation.** Before initiating the presentation of evidence, the plaintiff and the defense, with the acquiescence of the accused, may petition the court to issue a ruling, applying the penalty being requested at that time to the accused, according to the initial indictment or the modification that is being proposed at that time, a penalty that in no case may be less than the minimum given in the Penal Code for the crime or group of crimes in question.

However, if the court believes that the charges may not be typified or covered by an exemption from criminal liability, it will not be bound by the manifest agreement of the parties and prosecution in the trial will be ordered.

A reasoned agreement will be made on the above when the petition of the parties involves fraud of substantive or procedural law.

120

[logo:] Honduras Judicial Branch

Otherwise, the court will proceed to enact a strict sentence as agreed upon by the parties.

**Article 323. Declaration of the accused.** Once the provisions of article 319 are fulfilled, the chief justice will grant the floor to the accused so he may challenge, if he wishes, what he considers appropriate from the charges formulated against him.

After his statement, the accused may be questioned by his attorney, at the instruction of the court, by the prosecutor, by the private plaintiff, when there is one, by the defense attorney and by members of the jury.

At any state during the trial, the accused may be re-questioned by the persons or officials referenced in the above paragraph, with the purpose of clarifying or expanding on his statements.

121

[logo:] Honduras Judicial Branch

**Article 440. Recovery.** Third-party defendants must follow the resolution without prejudice to their right to recovery against those directly responsible, in a subsequent ordinary civil trial.  They may also take action through that same route against the plaintiff himself, on the grounds that there was no sufficient cause for the obligation that they were made to fulfill.

## CHAPTER VII[46]
## EXPEDITED PROCEDURE FOR CRIMES IN PROGRESS

**Article 440-A. Court Order.** The Public Prosecutor may request application of the expedited procedure for crimes in progress when the person was surprised and arrested during the execution or attempt of a criminal act of public interest; or when he is pursued and arrested after these acts; likewise, when he is surprised or was detained in possession of objects that constitute incriminating evidence of the commission of a crime, this will be judged in a trial for crimes in progress, as set forth in this chapter.

In exceptional cases, even when there is a crime in progress, the ordinary procedure will be applied as long as the following circumstances are met:

1- The crime in question is a complex investigation, because of the multiplicity of related events or the elevated number of accused or victims;

2- The investigations require proceedings to be held abroad; and,

3- Presentation of evidence that is difficult to produce is required.

In these cases, the judge, once the rights of the accused are guaranteed, will adopt the court orders and measures to schedule the initial hearing, pursuant to what is established in article 292 of this Code.

**Article 440-B. Initial Process.** The suspect arrested in progress must be informed in the act and with all clarity of his rights and events for which he is being charged,

---

[46] Chapter VII. Expedited Procedure for Crimes in Progress. Articles 440-A to 440-O. Reformed by Additi... 160 according to Decree No. 74-2013 dated May 8, 2013, and published in the Official Journal La Gaceta No. 33,301 dated December 11, 2013. Effective as of the date of publication.

[logo:] Honduras Judicial Branch

after which he will immediately be transferred by the on-duty police authorities to the Public Prosecutor, along with all evidence that is collected, which may be revealed orally to the Public Prosecutor, who will decide if there is merit to apply an expedited trial.

**Article 440-C. Appointment of technical defense.** The prosecutor, once the investigation has begun, will prepare the appointment of a technical defense team for the suspect, and if he refuses or his personal defense attorney does not appear within two (2) hours, ex officio appointment of a public defender to attend him in the proceedings will take place.

Once the technical defense of the person being investigated has been established, the prosecutor will give a verbal report of the acts charged and the evidence gathered up until that point, without putting the effectiveness of criminal persecution at risk, with the purpose of preparing his defense.

**Article 440-D. Request for hearing with the Trial Judge.** When the prosecutor determines that the application of expedited trial is pertinent and the technical defense has been established, he will proceed to verbally request that the respective Trial Judge hold a hearing for his request, in relation to the admissibility of the process and the imposition of a precautionary measure, in turn, placing the detainee at the order of the court within twenty-four (24) hours following his arrest. The judge, after hearing the parties, will immediately make a verbal resolution determining whether or not the requirements for applying the in-progress procedure have been met.

In response to the admission of the request by the Public Prosecutor, he will proceed to verbally file and substantiate the appeal with the judge who ordered the resolution; without further processing, the proceedings will be referred to the respective Appeals Court, which will make a resolution within twenty-four (24) hours after having received the proceedings, and will immediately refer to the proceedings of the first instance court so as to proceed with the decision adopted. A resolution by the Court of Appeals cannot be appealed.

In that same resolution that determines the admissibility of the process, the date and time will be scheduled to hold the preparatory hearing, which must take place within forty-eight (48) hours. With respect to scheduling the hearing, this resolution cannot be appealed.

**Article 440-E. Issuing the precautionary measure.** When the prosecutor believes it is appropriate to impose preventative imprisonment or any other precautionary measure, he may request this of the Trial Court after the start of the process. If the Trial Court, pursuant to the parameters established in this Code, considers the prosecutor's request to be proportional and reasonable, it will establish the precautionary measure for preventative imprisonment of the accused, which may not exceed thirty (30) business days counted from notification of the resolution issued by the respective Trial Court imposing the corresponding precautionary measure.

The regulations on precautionary measures set forth in Title VI, Chapter I, II and III, of the Code of Criminal Procedure shall govern anything not explicitly indicated in this article.

**Article 440-F. Preparatory hearing.** Once the admissibility of the expedited trial has been defined, the preparatory hearing will be initiated, during which the parties will propose evidence that they will use to validate their claims, then a period will be opened for recusals, exceptions, nullifications or application of any alternative measure in the criminal process to be proposed, if applicable. The evidence related to the proposals made will be presented and executed in said hearing.

Such matters will be resolved by the Trial Court in a hearing that will be held within twenty-four (24) hours following the date that the claims made by the parties are introduced. The date and time for the trial hearing will be scheduled in the same resolution, which must take place in no more than five (5) days.

The resolution resolving a proposal can be appealed through different channels of appeal.

**Article 440-G. Trial hearing.** On the scheduled date and time the trial hearing will be initiated, in which and, lacking the accused having agreed with the accusation, the court verifies the presence of the parties, witnesses and experts, as the case may be; in the first part of this hearing, the prosecutor will verbally state the charges filed against the accused, where the events are described and the legal categorization of these determined, as well as indication of the order in which evidence will be presented. The defense may refer to the accusation and make its considerations about this, in addition to indicating the order in which evidence will be presented.

The judge will verify that the accusation is clear, precise, detailed and that the attributed act is typified by law. Otherwise, the prosecutor will have to make a verbal correction during the trial.

A digital audio-video recording will be made of the hearing; all parties will have access to this, as a copy.

162

[logo:] Honduras Judicial Branch

**Article 440-H. Holding the trial.** In the second part of the hearing for an expedited procedure, the trial will be verified, where the declaration of the accused will be received. This act will be followed by presentation of the proposed evidence by the parties, starting with that of the Public Prosecutor, the private plaintiff, if applicable, and the evidence from the defense.

Once the evidence is received, the judge will grant the floor to the prosecutor, the private plaintiff and the defense, successively, so that they can state their conclusions in that order.

The prosecutor and the representatives of the parties may speak a second time, with the judge's approval, to clarify concepts.

The judge will prevent digressions, repetitions and interruptions. If the prosecutor or private plaintiff, if applicable, modify the initial categorization of the act, considering it to be false, the jurisdiction of the court will extend to making a pronouncement on this extreme.

The victim may use the floor only once, even when he has not intervened in the process. Finally, the judge will ask the accused if he has anything further to state. Immediately after he does so, the debate will be declared concluded.

Once the conclusions are heard, the judge will declare the hearing adjourned and will summons the parties within three (3) days to be notified of the ruling, which will have been issued according to law, with the obligation to present a copy of the ruling to the parties.

**Article 440-I. Appeals.** An appeal to a higher court, pursuant to the rules established in this Code, may be filed against the judgment ordered in these proceedings.

This appeal may include examination of the court's decision about recusals, exceptions or nullifications that may have been resolved in the preparatory hearing.

**Article 440-J. On the civil action for a complaint.** The special procedure established in Book Five, Chapter VI, of this Code will be used as a reference for the procedure to determine civil liability.

**Article 440-K. Leave.** For all purposes of this Code, particularly relating to labor matters, it will be understood that the victim and witnesses shall have the right to sick leave, enjoying wages from their employer, public or private, when they have to attend court proceedings or appear for a court-ordered summons, and for the time necessary to do so. In order to verify attendance of such acts, the court hearing the case must issue the respective proof, indicating the nature of the act and its effective duration.

163

[logo:] Honduras Judicial Branch

**Article 440-L. Location and hours.** The location and hours of the courts, prosecutors, public defenders and their auxiliary personnel shall be defined in a Regulation.
Days and times to attend to the public may be scheduled during night shifts, on weekends, holidays and national holidays, to best render the services to administer justice, such that the terms established in this Code can be effectively fulfilled.

**Article 440-M. Duration of the process.** When an application for expedited proceedings is admitted, there should be no more than thirty (30) business days between the start of the proceedings and the trial held by the court where a ruling is issued. Failure to comply with this period will bring about disciplinary liability for the official responsible for the delay.

**Article 440-N. On jurisdiction and competence.** According to what is set forth in article 313, numeral 12, of the Constitution of the Republic, Trial Judges are appointed, who will have to hold hearings and apply the provisions of this Title, which will serve in the Trial Courts in the different regions of the country, according to specific requirements.

As far as appointing Trial Judges to expedited procedures for crimes in progress, their application will correspond to the sitting Departmental or District Trial Judges.

**Article 440-O. Additional standards.** For anything not set forth in this Chapter, the regulations of this Code will be of secondary application as long as they are compatible with the urgent nature of the expedited procedure.



**TRANSPERFECT**

City of New York, State of New York, County of New York

I, Jordan Johnson, hereby certify that the document "Codigo Procesal Penal" is to the best of my knowledge and belief, a true and accurate translation from Spanish into English.

_____
Jordan Johnson

Sworn to before me this
June 21, 2019

_____
Signature, Notary Public

ANDERS MIKAEL EKHOLM
NOTARY PUBLIC-STATE OF NEW YORK
No. 01EK6378373
Qualified in New York County
My Commission Expires 07-23-2022

_____
Stamp, Notary Public

LANGUAGE AND TECHNOLOGY SOLUTIONS FOR GLOBAL BUSINESS

THREE PARK AVENUE, 40TH FLOOR, NEW YORK, NY 10016 I T 212.689.5555 I F 212.689.1059 I WWW.TRANSPERFECT.COM
OFFICES IN 90 CITIES WORLDWIDE