IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | |
|---|---|
| IN RE:  EX PARTE APPLICATION OF LAURA ZUNIGA CACERES, BERTHA ZUNIGA CACERES, AND SALVADOR ZUNIGA CACERES FOR ASSISTANCE BEFORE A FOREIGN TRIBUNAL | CASE NO. 1:19MC405-LG-RHW |

### REPLY IN SUPPORT OF REQUEST TO BE HEARD RE *EX PARTE* APPLICATION OF LAURA ZUNIGA CACERES, BERTHA ZUNIGA CACERES, AND SALVADOR ZUNIGA CACERES FOR DISCOVERY FOR USE IN A FOREIGN TRIBUNAL PURSUANT TO 28 U.S.C. § 1782

Applicants filed an *ex parte* application asking this Court to tell Ms. Romero-Baca's mortgage lender to turn over her private financial information. The highly unusual Application is a misuse of the narrow statutory authority for such discovery, and the Application is full of inaccurate information and false premises. Ms. Romero-Baca found out about the *ex parte* application and simply asked for a reasonable amount of time to respond to it. Incredibly, Applicants claim the Court should not even permit her to be heard.

*Ex parte* relief is the exception in American courts – and whatever purposes proceeding *ex parte* might serve, those purposes cease to exist where, as here, the other side knows about the request put before the Court. Ms. Romero-Baca knows about Applicants' request and asks to be heard on it. She should be allowed to be heard and given a reasonable amount of time to do so.

**I.     There is No Justification for Excluding Ms. Romero-Baca.**

Applicants seem to assume they have some sort of ***right*** to *ex parte* relief under Section 1782 notwithstanding the circumstances here. Unsurprisingly, that is not accurate. Nothing on the face of the statute gives the District Court express authority to grant applications *ex parte*, let alone create a presumption that such relief is appropriate  The decision whether to proceed without notice to other interested parties is simply left to the sound discretion of the Court, which means

1

the Court has at least as much right to require notice as it does to proceed *ex parte*. *See In re Ex Parte Application of Qualcomm Inc.*, 162 F. Supp. 3d 1029, 1034 (N.D. Cal. 2016). Applicants' own authority proves the point. In *In re Application of RSM Prod. Corp. v. Noble Energy, Inc.*, 195 F. Supp. 3d 899, 900 (S.D. Tex. 2016), which is the only published opinion Applicants cited on the *ex parte* issue (Doc. 2 at ECF 20), the petitioners moved for *ex parte* relief, but "[t]he court ordered [them] to serve the petition and application to [the interested party] and ordered [the interested party] to file a response." *See also Gushlak v. Gushlak*, 486 F. App'x 215, 217 (2d Cir. 2012) (setting a briefing schedule to allow interested party to respond); *Qualcomm Inc.*, 162 F. Supp. 3d at 1034 ("Although these applications may be sought ex parte . . . this court exercised its discretion to allow briefing at this stage by the targets of interest."). It is therefore not, as Applicants imply, that moving parties under Section 1782 are in any way entitled to *ex parte* relief as a matter of course.

Nor should it be that way. Because *ex parte* proceedings create "the risk of compromising a court's impartiality," they should be "used sparingly." *United States v. Carroll*, 891 F. Supp. 2d 1239, 1243 (D.N.M. 2012). Appropriate circumstances might include "where there is reason to believe that a witness would be subject to physical or economic harm if his identity is released," "situations where classified information can be deleted pursuant to court order from an otherwise discoverable document," or "where an adversarial proceeding would defeat the purpose of the *ex parte* communication." *Id.* (internal citations and quotations omitted); *see also Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995) (*ex parte* relief is only appropriate if two factors are met: "First, the evidence must show that the moving party's cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures. Second, it must be established that the moving party is without fault in creating the crisis that requires ex parte relief, or that the crisis occurred as a result of excusable neglect."). Such circumstances are obviously not present here.

Applicants have not and cannot introduce any evidence even to suggest that allowing Ms. Romero-Baca (or her bank) to be heard would lead to the destruction of evidence or otherwise risk

the loss of the evidence. Indeed, Applicants do not even seek evidence directly from Ms. Romero-Baca, they seek it from her bank, and because counsel for Ms. Romero-Baca has informed the bank of the Application, the bank has an independent duty to preserve the information. *See* Fed. R. Civ. P. 37(e); *Zubulake v. UBS Warburg LLC*, 220 F.R.D. 212, 216 (S.D.N.Y. 2003) ("The obligation to preserve evidence arises when the party has notice that the evidence is relevant to litigation or when a party should have known that the evidence may be relevant to future litigation."). Without any coherent explanation or evidence as to why it is important for Applicants to proceed *ex parte*, the only inference is that Applicants want to prohibit Ms. Romero-Baca from participating so they can obtain an unfair tactical advantage – as described below.

Applicants cite several cases in which courts granted a Section 1782 petitioner *ex parte* relief, but those cases differ from this case in multiple respects. For one thing, in none of them was *ex parte* relief granted despite the real party in interest knowing about the application and asking to be heard. (*See* cases cited in Doc. 14, at 2.) Now that Ms. Romero-Baca knows about the application, the cat is out of the proverbial bag and there simply is no reason to bar her from explaining to the Court why she believes the Application is unwarranted and should be denied, separate and apart from whether the discovery they seek is permitted under the Federal Rules of Civil Procedure. *See* 28 U.S.C. § 1782 ("To the extent that the order does not prescribe otherwise, the testimony or statement shall be taken, and the document or other thing produced, in accordance with the Federal Rules of Civil Procedure.").

## II.   Applicants Are Trying to Obtain an Unfair Procedural Advantage.

Applicants insist that, rather than allowing her to be heard on the Application, the Court should just grant it and Ms. Romero-Baca can then object to the subpoena after it is served on her bank. At a minimum, proceeding as Applicants insist would have the practical effect of shifting the burden of proof to Ms. Romero-Baca, which would not be appropriate given that, as the party invoking Section 1782, Applicants bear the burden of proving the statutory criteria. *See Texas Keystone, Inc. v. Prime Nat. Res., Inc.*, 694 F.3d 548, 553 (5th Cir. 2012) (requiring "an interested party" to "make[] the requisite showing that it has met the statutory factors"). If the Court grants

the Applicant's request, however, it will become Ms. Romero-Baca's burden to establish that the subpoena should be quashed. *Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 818 (5th Cir. 2004) (party moving to quash bears burden of proof). Moreover, one can easily see Applicants arguing that Ms. Romero-Baca lacks standing to object to the subpoena given that it would be directed at the bank (rather than her). And, of course, the bank presented with the subpoena may decide to turn over the documents without further court order. Given that Ms. Romero-Baca already knows about the application, and the Applicants have not come forward with evidence to justify proceeding *ex parte*, there is no justification for the Court considering the Application without hearing from Ms. Romero-Baca except to try to leverage one of these unfair outcomes.

Applicants argue that Ms. Romero-Baca will have an "extraordinary 'two bites at the apple'" if this Court allows her to be heard. But that is not accurate. If Ms. Romero-Baca is given the opportunity to respond to the Application, she will be challenging whether the Applicants satisfied the requirements of Section 1782, and whether the Court should exercise its discretion, if the statutory requirements are met. If the Court ultimately grants Applicants' request, Ms. Romero-Baca will have a chance to challenge the requests themselves under the Federal Rules of Procedure (e.g., they are overbroad, unduly burdensome, seek privileged information, etc.). *Texas Keystone*, 694 F.3d at 554 (after the court grants a Section 1782 application "the Federal Rules of Civil Procedure govern[] the underlying discovery requests"). But the inquiries will be substantively distinct and, as explained above, the burdens will be different. Using Applicants' idiom, there will be one bite at two different apples, not two bites at the same.

**III.    If Ms. Romero-Baca is Given an Opportunity to Participate, She Should be Given a Reasonable Time to Respond.**

Applicants feign emergency by falsely suggesting a murder trial against Ms. Romero-Baca's husband was suspended and could resume "at any moment." (Doc. 14, at 2.) Applicants are correct that there is an issue on appeal in Mr. Castillo's murder case, but they are absolutely incorrect in implying that his trial has even started – let alone that it is imminent. The pending appeal relates to whether the defense timely submitted an expert report that it wants to use at the

preliminary hearing (*i.e.*, not the trial).  The prosecution introduced an expert report just days before the hearing to determine whether there was sufficient evidence to maintain the murder charge against Mr. Castillo.  The defense sought to introduce a rebuttal report on the day of the hearing, which the prosecution challenged as untimely.  When the trial judge allowed the defense's report, the prosecution appealed, and that appeal is the focus of Applicant's alleged emergency.

On August 9, 2019, the appellate court in Honduras ruled on the appeal and issued a decision in favor of the prosecution.  The defense therefore has an opportunity to appeal to the Honduran Supreme Court, which, we are informed, it intends to do.  Only after that appellate process is resolved will the preliminary proceedings resume, and it is only after the preliminary proceedings resume that the case will start moving toward a trial.  It is not entirely clear how long it will take for the trial to be scheduled if the charges are sustained after the preliminary proceedings are done, but it is absolutely clear that any such trial will not begin "at any moment." Whether Applicant's request is decided in two weeks or two months, it will cause no prejudice if Ms. Romero-Baca's mortgage file is not immediately available.  Ms. Romero-Baca should therefore be given no less than the requested two weeks to respond to the Application.

### IV.   Conclusion

Ms. Romero-Baca should be given a reasonable opportunity to respond the Application.  If she is successful, the requested discovery will be unnecessary.  If she's not, Applicants will suffer no harm.  There is no reason to contravene the strong public policy permitting interested parties to participate in adversarial proceedings – particularly when that interested party knows about the proceedings and has already appeared in them.  Ms. Romero-Baca's request should be granted.

RESPECTFULLY SUBMITTED, this the 13th day of August, 2019.

**Attorneys for Interested Party, Tanya Romero-Baca**

WEBB SANDERS & WILLIAMS, P.L.L.C.
363 NORTH BROADWAY
POST OFFICE BOX 496
TUPELO, MISSISSIPPI 38802

        TELEPHONE: (662) 844-2137
        B. WAYNE WILLIAMS, MSB #9769
        wwilliams@webbsanders.com
        NORMA CARR RUFF, MSB #5721
        nruff@webbsanders.com

**BY:**    */s/ Norma Carr Ruff*
        **NORMA CARR RUFF**

        LEWIS ROCA ROTHGERBER CHRISTIE LLP
        201 East Washington Street, Suite 1200
        Phoenix, AZ 85004-2595
        Telephone: 602-262-5337
        Randy Papetti (AZ State Bar No. 014586)
        rpapetti@lrrc.com
        Jared Sutton (AZ State Bar No. 028887)
        jsutton@lrrc.com
        Jennifer Lee-Cota (AZ State Bar No. 033190)
        jlee-cota@lrrc.com

## **CERTIFICATE OF SERVICE**

I, Norma Carr Ruff, one of the attorneys for Tanya Romero-Baca, do hereby certify that I have this date filed the above and foregoing ***Reply In Support Of Request To Be Heard Re Ex Parte Application Of Laura Zuniga Caceres, Bertha Zuniga Caceres, And Salvador Zuniga Caceres For Discovery For Use In A Foreign Tribunal Pursuant To 28 U.S.C. § 1782*** using the Court's electronic filing system which in turn served a true and correct copy of the same to counsel of record as follows:

Amelia S. McGowan, Esq.
Mississippi Center for Justice
P.O. Box 1023
Jackson, MS 39215
amcgowan@mscenterforjustice.org

Leo P. Cunningham, Esq.
Ralitza S. Dineva, Esq.
Sean P. Killeen, Esq.
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
650 Page Mill Road
Palo Alto, California 94304-1050
lcunningham@wsgr.com
rdineva@wsgr.com
skilleen@wsgr.com

Roxanna Altholz, Esq.
INTERNATIONAL HUMAN RIGHTS LAW CLINIC, UNIVERSITY OF CALIFORNIA BERKELEY
489 Simon Hall,
Berkeley, California 94720
raltholz@law.berkeley.edu

This the 13th day of August 2019.

                                          **/s/ Norma Carr Ruff**
                                          **NORMA CARR RUFF**