**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF MISSISSIPPI**
**SOUTHERN DIVISION**

IN RE:  EX PARTE APPLICATION OF
LAURA ZUNIGA CACERES, BERTHA
ZUNIGA CACERES, AND SALVADOR                  CASE NO. 1:19MC405-LG-RHW
ZUNIGA CACERES FOR ASSISTANCE
BEFORE A FOREIGN TRIBUNAL


<u>**RESPONSE TO APPLICANTS' MOTION FOR LEAVE TO FILE A REPLY BRIEF IN**</u>
<u>**SUPPORT OF THEIR SECTION 1782 APPLICATION**</u>

Ms. Romero-Baca asks the Court to consider the following points in response to

Applicants' Motion for Leave to File a Reply (Doc. 23):

1.      Applicants filed their Application *ex parte*—that is, they did not serve or

otherwise alert either the Bank from whom they seek discovery or Ms. Romero-Baca, who is the

real party in interest regarding the discovery.  They did, however, alert a British reporter, which

is how Ms. Romero-Baca found out.

2.      Ms. Romero-Baca then promptly retained Mississippi counsel and filed a request

to be heard—which Applicants opposed.  In opposing Ms. Romero-Baca's request to have 14

days to file a response, Applicants said allowing Ms. Romero-Baca "14 days to file a response

would result in unnecessary and unwarranted delay that may frustrate the very purpose of the *ex*

*parte* application."  [Doc. 14 at 2].

3.      The Court granted Ms. Romero-Baca's request to be heard, but gave her only

seven days to file a response.  Ms. Romero-Baca timely filed her response on August 23.  [Doc.

17].  Pursuant to Local Rule 7(b)(4), Applicants had until August 30 to file any reply.

4.      August 30 came and went without Applicants filing a reply, and so did many

more days.  Then, on September 12, Applicants filed their reply—thirteen days late.

5.      Applicants knew they had a problem—their reply began with a cryptic, prefatory

request to the Court to permit Applicants to file the reply.  But the "request" did not

acknowledge the reply was late, or make any effort to demonstrate good cause or excusable neglect for the late filing.

6.     On September 17, after the Court deemed Applicants' combined request & reply filing to be procedurally defective, Applicants filed their Motion for Leave to File a Reply.  In the Motion, Applicants at least acknowledge there is an issue about their reply's timeliness, though they still cannot bring themselves to admit the reply is late.  According to Applicants, they "inadvertently failed to recognize the potential applicability of timing limitations under L.U.Civ.R. 7(b)(4) to Applicants' proposed reply."  [Doc. 23 at 2].

7.     Applicants have not even attempted to explain why they thought it was okay to take twenty days to file a reply brief, especially after protesting to the Court that Ms. Romero-Baca should not be allowed fourteen days to file a response.  Having missed the deadline, Applicants must show good cause or excusable neglect to extend the deadline.  *See* FED. R. CIV. P. 6(b)(1)(B) (court may "for good cause shown" extend deadline "on motion made after the time has expired if the party failed to act because of excusable neglect").  Applicants' concession that they did not think about checking the local rules for a timeline to file a reply is not good cause or excusable neglect.  *See, e.g.*, *Tuesno v. Jackson*, No. 5:08-CV-302 DCB JMR, 2013 WL 685928, at *3 (S.D. Miss. Feb. 25, 2013) (ignorance of the rules is not excusable neglect).

8.     Applicants say a Section 1782 application is a "unique" and "arcane" filing.  But that has nothing to do with deadlines for a response and a reply.  And if there was a question about whether a reply was permitted, the proper course would have been to seek clarification before the deadline to reply expired, rather than waiting for almost three weeks after that deadline passed to finally get something on file.  *See Tuesno*, 2013 WL 685928, at *3 ("[T]he most critical factor will always be the 'reason-for-delay factor,' *i.e.*, the nature, credibility and persuasiveness of the excuse proffered by the moving party.") (quotations omitted).

9.     Applicants claim the Court should give them leave to file a reply "in the interests of justice."  [Doc. 23, at 2].  But they do not explain why justice so requires.  And, if fairness is the touchstone, what would be unfair would be for Applicants to receive three times longer to

prepare and polish a reply than Ms. Romero-Baca had to file her response. *See Pioneer Inv. Services Co. v. Brunswick Assoc. Ltd. Partnership*, 507 U.S. 380, 395 (1993) (court must consider the "danger of prejudice to the [non-moving party]" and "whether the movant acted in good faith").

10.     If the Court is nevertheless inclined to accept and consider the reply, we ask that it permit Ms. Romero-Baca to file a short supplemental brief, not to exceed five pages.

Under the circumstances, the Court should either deny Applicants' Motion for Leave [Doc. 23], or give Ms. Romero-Baca the opportunity to file a short supplemental brief.

RESPECTFULLY SUBMITTED, this the 18th day of September, 2019.

**Attorneys for Interested Party, Tanya Romero-Baca**

WEBB SANDERS & WILLIAMS, P.L.L.C.
363 NORTH BROADWAY
POST OFFICE BOX 496
TUPELO, MISSISSIPPI 38802
TELEPHONE: (662) 844-2137
B. WAYNE WILLIAMS, MSB #9769
wwilliams@webbsanders.com
NORMA CARR RUFF, MSB #5721
nruff@webbsanders.com

**BY:**     **/s/B. Wayne Williams**
              **B. WAYNE WILLIAMS**

LEWIS ROCA ROTHGERBER CHRISTIE LLP
201 East Washington Street, Suite 1200
Phoenix, AZ  85004-2595
Telephone:  602-262-5337
Randy Papetti (AZ State Bar No. 014586)
rpapetti@lrrc.com
Jared Sutton (AZ State Bar No. 028887)
jsutton@lrrc.com
Jennifer Lee-Cota (AZ State Bar No. 033190)
jlee-cota@lrrc.com

## CERTIFICATE OF SERVICE

I, B. Wayne Williams, one of the attorneys for Tanya Romero-Baca, do hereby certify that

I have this date filed the above and foregoing

## RESPONSE TO APPLICANTS' MOTION FOR LEAVE TO FILE A REPLY BRIEF IN SUPPORT OF THEIR SECTION 1782 APPLICATION

using the Court's electronic filing system which in turn served a true and correct copy of the same

to counsel of record as follows:

Amelia S. McGowan, Esq.
Mississippi Center for Justice
P.O. Box 1023
Jackson, MS 39215
amcgowan@mscenterforjustice.org

Leo P. Cunningham, Esq.
Ralitza S. Dineva, Esq.
Sean P. Killeen, Esq.
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
650 Page Mill Road
Palo Alto, California 94304-1050
lcunningham@wsgr.com
rdineva@wsgr.com
skilleen@wsgr.com

Roxanna Altholz, Esq.
INTERNATIONAL HUMAN RIGHTS LAW
CLINIC, UNIVERSITY OF CALIFORNIA
BERKELEY
489 Simon Hall,
Berkeley, California 94720
raltholz@law.berkeley.edu

This the 18th day of September, 2019.

/s/ B. Wayne Williams
B. WAYNE WILLIAMS