**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

IN RE: *EX PARTE* APPLICATION OF )    CASE NO.: 1:19-mc-00405-LG-RHW
LAURA ZÚNIGA CÁCERES, BERTHA )
ZÚNIGA CÁCERES, AND SALVADOR )
ZÚNIGA CÁCERES FOR ASSISTANCE )
BEFORE A FOREIGN TRIBUNAL )
_____)

**RESPONSE IN OPPOSITION TO OBJECTIONS TO MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATIONS**

In determining whether to grant an application under 28 U.S.C. § 1782, a federal court must make two determinations. First, the Court must decide whether the application *can* be granted—i.e., are the jurisdictional statutory elements met. If so, the Court must then decide whether the application *should* be granted—i.e., the Court must evaluate the facts and the particular discovery requested and decide whether to grant or deny the request.

Here, the Magistrate Judge recognized that Ms. Romero-Baca "does not dispute whether the three statutory requirements are met." (Doc. 28 at 3). But he then thoughtfully analyzed the facts and the particular discovery requested and, in his discretion, concluded that the Application should be denied. After weighing various considerations, the Magistrate Judge found "decisive" that the request was "not narrowly tailored" and, in fact, appeared to be "an impermissible 'fishing expedition,'" and he denied the Application (*Id*. at 7, 8).

Applicants now object, claiming they are entitled to *de novo* review in this Court. But that is not correct—Applicants ignore Federal Rule of Civil Procedure 72 and a long line of cases holding that magistrate judge rulings on section 1782 applications are not subject to *de novo* review and, instead, are to be reviewed solely to determine whether they are clearly erroneous or contrary to law.

Perhaps aware that their position on the standard of review is dubious, Applicants insist the Magistrate Judge got the law wrong. He did not. Most of Applicants' "legal" arguments amount to no more than disagreement with how the Magistrate Judge applied the law to

Applicants' characterization of the record.  That Applicants disagree with the Magistrate Judge's exercise of his discretion does not support their objections that the Magistrate Judge acted contrary to law.

The Magistrate Judge properly denied the Application or, at a minimum, acted well within his discretion in doing so.  Accordingly, the objections should be denied.

## I.     Applicants Misstate the Standard of Review

Under Federal Rule of Civil Procedure 72, "[t]he standard of review applicable to a party's objections to a magistrate judge's ruling depends on whether the objections pertain to a dispositive or non-dispositive matter."  *JSC MCC Eurochem v. Cauhan*, CV3:17-mc-00005, 2018 WL 3872197, at *1 (M.D. Tenn. Aug. 15, 2018) (section 1782 case).  More specifically, under Rule 72, magistrate judges may hear "Nondispositive Matters," which are governed by Rule 72(a), and "Dispositive Matters and Prisoner Petitions," which are governed by Rule 72(b). A district court reviews a magistrate judge's ruling on a dispositive matter *de novo*.   FED. R. CIV. P. 72(b)(3).  By contrast, a district court reviews a magistrate judge's ruling on a non-dispositive matter solely to determine whether the ruling is "clearly erroneous or contrary to law."  FED. R. CIV. P. 72(a).

"The majority of persuasive authority on this topic concludes that a magistrate judge's ruling on a motion for discovery under 28 U.S.C. § 1782 is nondispositive."  *JSC MCC Eurochem*, 2018 WL 3872197, at *1; *accord In re Application of Hulley Enterps*., 358 F. Supp. 3d 331, 342 (S.D.N.Y. 2019) (agreeing with the "many courts from around the country that have held that an application brought under 28 U.S.C. § 1782 is a 'non-dispositive' matter within the meaning of Fed. R. Civ. P. 72(b)"); *In re Application for Pioneer Corp*., LA-CV18-04524 JAK (SSx), 2018 WL 4961911, at *4 (C.D. Cal. Sept. 12, 2018) ("Several recent district court opinions have taken this approach and reviewed magistrate judge orders regarding Section 1782 applications for clear error. . . . Because the analyses by these other courts have merit, to succeed on the Rule 72 Objections Pioneer must establish that the May 9 Order is either clearly erroneous or contrary to law."); *In re Application Pursuant to 28 U.S.C. § 1782 by Nikon Corp*., No. 17-

mc-80071-BLF, 2017 WL 4647753, at 1-3 (N.D. Cal. Oct. 16, 2017) (same, and observing: "The majority of other courts to address the issue, both in and out of the Ninth Circuit, have reached the same conclusion …."); *In re Application of Duizendstraal*, No. 3:95-MC-150-X, 1997 WL 195443, at *1 (N.D. Tex. Apr. 16, 1997) ("The non-dispositive nature of Applicants' discovery request pursuant to 28 U.S.C. § 1782 dictates that the 'clearly erroneous' standard be applied in the present matter.").

There are compelling reasons why section 1782 applications are "non-dispositive" matters within the meaning of Rule 72. This first is that such a result is seemingly dictated by the interplay between Rule 72 and 28 U.S.C. § 636(b)(1). The function of Rule 72 is to implement 28 U.S.C. § 636(b)(1). *See* FED. R. CIV. P. 72 adv. comm. note (1983); *Hulley Enterps.*, 358 F. Supp. 3d at 341 ("As the Advisory Committee notes [from 1983] make clear, Rule 72(b) is merely a rule that governs the procedure for making objections to court-ordered referrals of matters contained in '28 U.S.C. § 636(b)(1)(B),'"). Section 636(b)(1) sets forth a list of pretrial matters that comprise "dispositive" matters as that term is used in Rule 72(b). *See, e.g.*, *Hulley Enterps.*, 358 F. Supp. 3d at 341 ("Thus, the term 'dispositive matters' in Rule 72(b) is intended to capture the matters excepted in 28 U.S.C. § 636(b)(1)(A).").[1] The list in section 636(b)(1)(A) includes "a motion for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or quash an indictment or information made by the defendant, to suppress evidence in a criminal case, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, and to involuntarily dismiss an action." 28 U.S.C. § 636(b)(1)(A). "None of these excepted matters, however, equate to a discovery request in a proceeding under section 1782." *Hulley Enters.*, 358 F. Supp. 3d at 341. Thus, as a matter of statutory interpretation, for purposes of applying Rule 72, a section 1782 application is non-dispositive.

---

[1] The enumerated list is not exclusive, but interpreted as representative of dispositive matters within the scope of Rule 72(b).

Second, at bottom, section 1782 requests are discovery matters.  Discovery matters are routinely treated as non-dispositive under Rule 72(a).  *See, e.g.*, *Castillo v. Frank*, 70 F.3d 382, 385 (11th Cir. 1995); *Verso Paper, LLC v. HireRight, Inc.*, No. 3:11-MC-628-CWR-LRA, 2012 WL 2376046, at *4 (S.D. Miss. June 22, 2012) ("This matter [a miscellaneous action to quash a subpoena issued by another court] is essentially a discovery dispute, which is considered non-dispositive of the claims in the original litigation.").  Courts in section 1782 cases frequently note that section 1782 applications involve requests for discovery and do not resolve any claim or defense on the merits.  *See, e.g.*, *In re Application of the Republic of Ecuador for the Issuance of a Subpoena under 28 U.S.C. § 1782*, 735 F.3d 1179, 1182 (10th Cir. 2013) ("Initially we note that in a § 1782 proceeding, there is nothing to be done 'on the merits.' . . . . The only issue before the court is discovery; the underlying litigation rests before a foreign tribunal.").  Courts thus rule that section 1782 applications are non-dispositive matters for purposes of Rule 72 even though a ruling on the application will dispose of the case in which the application is filed.  *See, e.g.*, *Hulley Enterps.*, 358 F. Supp. 3d at 341 ("Thus, a motion seeking discovery [pursuant to section 1782] as an aid to a later adjudication by a court or tribunal is not a 'dispositive' motion within the meaning of Rule 72—even if it is brought in a special proceeding whose only purpose is to obtain that discovery."); *In re Matter of a Petition for Judicial Assistance Pursuant to 28 U.S.C. § 1782*, No.: 2:14-cv-0797-GMN-NJK, 2015 WL 7258483, at **2-3 (D. Nev. Nov. 17, 2015) ("Although Judge Koppe's order did dispose of Petitioner's matter before this Court, it did not dispose of Petitioner's underlying claims or defenses in the Dutch Courts.  Accordingly, this Court agrees that Judge Koppe's conclusion that Petitioner's matter before the Court was not dispositive and, at bottom, was a discovery dispute . . . ."); *In re Application of Duizendstraal*, 1997 WL 195443, at *1 ("The underlying action is pending in a Dutch court and the only issue to be decided by the Magistrate Judge concerns pretrial discovery.  Disposition of Applicants' [section 1782] motion is not dispositive of a claim or defense of a party and is therefore non-dispositive.").

Applicants overlook all this authority and reasoning.

Applicants cryptically suggest, however, they are entitled to *de novo* review because the Magistrate Judge captioned his report as Proposed Findings of Fact and Recommendation rather than as an Order.  That is an extraordinary argument.  First, what standard of review this Court (the district court) would apply was not an issue before the Magistrate Judge.  Second, and more fundamentally, as a matter of law the standard of review depends on whether the matter addressed by the Magistrate Judge is dipositive or non-dispositive, *see, e.g.*, Fed. R. Civ. P. 72; 28 U.S.C. § 636(b); *JSC MCC Eurochem v. Cauhan*, 2018 WL 3872197, at *1 ("The standard of review applicable to a party's objections to a magistrate judge's ruling depends on whether the objections pertain to a dispositive or non-dispositive matter."), not how the Magistrate Judge captions his determination.  The law—not the label—controls.  *See, e.g.*, *Vanderbilt Univ. v. Scholastic, Inc.*, 321 F. Supp. 3d 830, 832 (M.D. Tenn. 2018) ("As an initial matter, the parties appear to have been flummoxed because the Magistrate Judge issued the underlying decision a report and recommendation rather than an order. . . . [T]he Magistrate Judge's ruling, although embodied in the R & R, was a decision on a non-dispositive matter and the Court will treat it as such."); *Florence v. Stanback*, 607 F. Supp. 2d 1119, 1122-23 (C.D. Cal. 2009) ("Given that the Court has the authority and the obligation to apply the appropriate standard of review to whatever decision is  issued by the Magistrate Judge, the Court believes that the use of Magistrate Judges would become counterproductive if it required the Magistrate Judge, in every instances, to put form over substance and issue a document captioned in a particular manner, especially in situations where there is a genuine dispute as to whether the Magistrate Judge's order was dispositive of a claim or defense.").[2]

Because section 1782 applications for discovery are a non-dispositive matter, they are to be reviewed to determine whether they are clearly erroneous or contrary to law.  "The clear-error

---

[2] Obviously, a magistrate judge could not enhance the deference to which his or her ruling on a dispositive matter is entitled by denominating the ruling an "order" rather than as a report and recommendation.  Similarly, a magistrate judge does not decrease the deference owed to his or her determination on a non-dispositive matter by labeling the determination "Proposed Findings of Fact and Recommendation" rather than an "Order."

standard is 'extremely deferential.'"  *Kent v. Vicksburg Healthcare*, LLC, No. 5:10-CV-195-DCB-RHW, 2012 WL 162125, at *1 (S.D. Miss. Jan. 19, 2012) (source omitted).  For applicants to prevail, they must show "not that the magistrate judge could have exercised his discretion and ruled in [their] favor, but rather that [they are] entitled to a ruling in [their] favor as a matter of law."  *Landrum v. Conseco Life Ins. Co*., No. 1:12-cv-5-HSO-RHW, 2013 WL 12124055, at *2 (S.D. Miss. June 14, 2013).  Moreover, a "'magistrate judge is afforded broad discretion with respect to discovery matters because no one factor controls discovery disputes.'"  *Id*. (source omitted).

## II.    The Magistrate Judge Did Not "Impos[e] a Non-Existent Legal Requirement that Honduras Explicitly Allow the Requested Discovery"

As the Magistrate Judge properly noted, a court is not required to grant a section 1782 discovery application simply because it has authority to do so.  (Doc. 28 at 9 (quoting *Intel Corp. v. Advanced Micro Devices, Inc*., 542 U.S. 241, 264 (2004)).  Instead, if the jurisdictional statutory requirements are met, the Court should still consider the non-exclusive factors set forth in the *Intel* case, which the Magistrate Judge did.  (Doc. 28 at 3-8).  In addition, as even Applicants recognize, the proper scope of discovery on a section 1782 request is guided by the principles underlying the Federal Rules of Civil Procedure.  (*Id*. at 6; Doc. 30 (Applicants' Objections) at 6).

The third *Intel* factor is whether the request conceals an attempt to circumvent foreign proof-gathering or policies of a foreign country or the United States.  (Doc. 28 at 3-4).  The Magistrate Judge weighed each side's arguments on this factor.  The Magistrate Judge noted that Applicants, as victim representatives, are granted certain rights to participate in the criminal prosecution in Honduras.  The Magistrate Judge properly observed, however, that "Applicants do not cite to any authority by which a private prosecutor may conduct discovery in a criminal proceeding in Honduras," and concluded that "Applicants' failure to cite any positive authority and general evasiveness on this issue [is] an admission that they do not possess independent authority to conduct discovery under Honduran law."  (*Id*. at 5).  However, the Magistrate Judge

stated that he recognized that section 1782 did not contain a foreign discoverability requirement and that a district court should not "deny a § 1782 application *solely* because such discovery is unavailable in the foreign court." (*Id.* at 5 (quoting *Mees v. Buiter*, 793 F.3d 291, 303 (2d Cir. 2015) (emphasis added)). Weighing the various arguments regarding this factor, the Magistrate Judge stated that "the Court finds this factor neutral." (Doc. 28 at 6).

Applicants totally mischaracterize this portion of the Magistrate Judge's reasoning as imposing a requirement that Honduran law explicitly allow the discovery. (Doc. 30 at 7-8). That is simply not a fair read of his order—indeed, beyond not being consistent with the Magistrate Judge's analysis, if that was the Magistrate Judge's view then he necessarily would have found the factor to favor Ms. Romero-Baca rather than be neutral.

It would have been a distortion of the law if the Magistrate Judge concluded that it was altogether *irrelevant* that Honduras did not appear to grant discovery rights to victim representatives. As Ms. Romero-Baca documented, Honduran law grants specific, enumerated rights to victim representatives—the ability to take discovery is not an enumerated right. (*See* Doc. 17 at 8-10). Moreover, Ms. Romero-Baca cited case law that American courts should be careful not to facilitate end-runs around foreign proof-gathering restrictions. (*Id.* at 9-10). After balancing the factor, the Magistrate Judge deemed it not to favor either side. That determination hardly was "clearly erroneous" or "contrary to law."

## III. Applicants Have Made Up a "Bad Faith" Requirement

According to Applicants: "Unless there is an affirmative showing that Section 1782 discovery is 'being sought in bad faith,' the third *Intel* factor favors granting the discovery." (Doc. 30 at 9 (partially quoting *In re Chevron Corp.*, 2010 U.S. Dist. Lexis 124079, at *3-4 (S.D. Tex. Apr. 5, 2010)). Applicants insist their Application is made in good faith.

First, the Magistrate Judge here specifically found that Applicants' request was "not narrowly tailored to the issues presented in the Honduran criminal proceeding" and that the request appears to be "an impermissible 'fishing expedition.'" (Doc. 28 at 8). Applicants'

contention that the Magistrate Judge could not deny the request unless he found that it was a *bad faith* impermissible fishing expedition is not sensible or supported by law.

Second, to the extent that Applicants are claiming that a court *must* find that the third Intel factor favors them unless the court makes finding that Applicants are acting in bad faith, there is no such legal requirement.   Applicants exaggerate the *Chevron* case and the other cases they cite in urging that there must be a finding of bad faith.  The *Chevron* decision is a less than one-page order, which merely has a half-sentence that says "and the discovery is not being sought in bad faith."  *See* 2010 WL 8814519, at *1 (S.D. Tex. Apr. 5, 2010).  The case in no way sets forth or cites authority for the proposition that a court must find "bad faith" or else deem the third factor to favor the applicant.  Indeed, and contrary to the situation here, the next passage in the case is: "Based on the evidence submitted, Chevron's request for discovery is a good faith effort to obtain probative evidence.  Finally, the Court finds that the discovery requests are not unduly intrusive or burdensome. The discovery requested goes to the central issues in the foreign proceeding and would be permitted under the Federal Rules of Civil Procedure."  *Id.*  Juxtaposed against the Magistrate Judge's determinations here, *Chevron* is not helpful to Applicants.

Applicants similarly exaggerate the other authority they cite for this "bad faith" requirement.  They cite *Euromepa, S.A. v. R. Esmerian, Inc.*, 51 F.3d 1095, 1101 (2d Cir. 1995). There is no such requirement announced in that decision.  The decision does provide that "if the district court determines that a party's discovery application under section 1782 is made in bad faith, for the purpose of harassment, or unreasonably seeks cumulative or irrelevant materials, the court is free to deny the application in toto."  *Id*. at 1101 n.6.  They also cite *In re Schlich*, 2016 WL 7209565 (D. Mass Dec. 9, 2016).  In *Schlich*, the Court emphasized that the decision is ultimately discretionary.  *Id*. at *4.  The Court did describe the "primary inquiry" under the third *Intel* factor as whether the discovery is being sought in bad faith, *Id*. at *6, which is (a) different than a requirement that the factor must be held to favor the applicant unless bad faith is found, and (b) there was no doubt there that the party was entitled to seek discovery, whereas here, Applicants failed to establish even that they are entitled to take discovery under Honduran law.

Third, to reiterate, the *Intel* factors are merely factors to guide courts' discretion and are not to be applied mechanically.  *See Intel*, 542 U.S. at 255, 264-65; *Hulley Enterprs*., 358 F. Supp. 3d at 340 ("However, 'the *Intel* factors are not to be applied mechanically,' and 'a district court should also take into account any other pertinent issues arising from the facts of the particular dispute.'") (source omitted)); *JSC MCC EuroChem*, 2018 WL 3872197, at *3 ("In *Intel Corp*., the Court repeatedly emphasized that these factors are non-exhaustive and 'may' be taken into account as applicable.").  The Magistrate Judge cited the correct law, balanced the various arguments, and concluded that the considerations analyzed under that factor came out neutral.  Again, this was not error.

### IV.      Applicants' Arguments on the Fourth *Intel* Factor Are Without Merit

Applicants recognize that courts deciding section 1782 applications are free to apply principles applicable to decisions under the Federal Rules of Civil Procedure.  They also acknowledge that the fourth *Intel* factor relates to whether the request is unduly intrusive or burdensome.   Yet, Applicants argue that the Magistrate Judge somehow committed clear error in considering Ms. Romero-Baca's privacy interests, the risk of exposure of the information sought, and that the request is not narrowly tailored.

The Magistrate Judge's consideration of these issues was not in a vacuum—his findings and grounds, and to an extent his rejection of Applicants' arguments, stem from specific evidence and arguments that Ms. Romero-Baca presented to the Magistrate Judge that Applicants inappropriately overlook or unfairly minimize in their objections.  (*See* Doc. 17). These factors are inherently discretionary.  That Applicants, or another judge, might balance and evaluate them differently is not a legitimate basis for the objections.

### V.      Conclusion

As Ms. Romero-Baca stated below, her arguments are not meant to overlook the murder of Applicants' mother.  But there are strong countervailing arguments for denying the Application.  That Honduras has serious problems, which have been recognized by certain

American politicians, also extends to the rights of the accused and to their families and to the inability to ensure that information turned over in any discovery will be used properly.  In this case, Mr. Castillo is being prosecuted (fairly or not) and the prosecution has the full power of the Honduran state to undertake relevant discovery.  There is no reason to bless a potentially very invasive, "impermissible 'fishing expedition'" by persons who appear not even to have discovery rights in the Honduran proceedings.

RESPECTFULLY SUBMITTED, this the 21st day of November, 2019.

**Attorneys for Interested Party, Tanya Romero-Baca**

WEBB SANDERS & WILLIAMS, P.L.L.C.
363 NORTH BROADWAY
POST OFFICE BOX 496
TUPELO, MISSISSIPPI 38802
TELEPHONE: (662) 844-2137
B. WAYNE WILLIAMS, MSB #9769
wwilliams@webbsanders.com
NORMA CARR RUFF, MSB #5721
nruff@webbsanders.com

BY:  **/s/ B. Wayne Williams**
**B. WAYNE WILLIAMS**

LEWIS ROCA ROTHGERBER CHRISTIE LLP
201 East Washington Street, Suite 1200
Phoenix, AZ  85004-2595
Telephone:  602-262-5337
Randy Papetti (AZ State Bar No. 014586)
rpapetti@lrrc.com
Jared Sutton (AZ State Bar No. 028887)
jsutton@lrrc.com
Jennifer Lee-Cota (AZ State Bar No. 033190)
jlee-cota@lrrc.com

## CERTIFICATE OF SERVICE

I, B. Wayne Williams, one of the attorneys for Tanya Romero-Baca, do hereby certify that

I have this date filed the above and foregoing **Response to Objections to Magistrate Judge's**

**Report and Recommendations** using the Court's electronic filing system which in turn served a

true and correct copy of the same to counsel of record as follows:

Amelia S. McGowan, Esq.
Mississippi Center for Justice
P.O. Box 1023
Jackson, MS  39215
amcgowan@mscenterforjustice.org

Leo P. Cunningham, Esq.
Ralitza S. Dineva, Esq.
Sean P. Killeen, Esq.
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
650 Page Mill Road
Palo Alto, California 94304-1050
lcunningham@wsgr.com
rdineva@wsgr.com
skilleen@wsgr.com

Roxanna Altholz, Esq.
INTERNATIONAL HUMAN RIGHTS LAW
CLINIC, UNIVERSITY OF CALIFORNIA
BERKELEY
489 Simon Hall,
Berkeley, California 94720
raltholz@law.berkeley.edu

This the 21st day of November 2019.

/s/ B. Wayne Williams
**B. WAYNE WILLIAMS**