IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | |
|---|---|
| IN RE: *EX PARTE* APPLICATION OF LAURA ZÚNIGA CÁCERES, BERTHA ZÚNIGA CÁCERES, AND SALVADOR ZÚNIGA CÁCERES FOR ASSISTANCE BEFORE A FOREIGN TRIBUNAL | CASE NO.: 1:19-mc-00405-LG-RHW |

**MOTION FOR STAY PENDING APPEAL**
**(EXPEDITED CONSIDERATION REQUESTED)**

Pursuant to Federal Civil Rule 62, Ms. Romero-Baca moves for a stay of this Court's May 18, 2020 Order (Doc. 39), which granted Applicants' application for discovery under 28 U.S.C. § 1782, to allow Ms. Romero-Baca to appeal the Court's decision. A stay is appropriate under the circumstances because – as the Court noted – the standard of review applicable to a Magistrate's decision on a Section 1782 application is undecided in this Circuit. The Fifth Circuit should have the opportunity to decide that issue, and the Magistrate's order should be reviewed under the appropriate standard, before Ms. Romero-Baca's bank produces her private financial information. Although the Court has adopted some safeguards to protect that data, Ms. Romero-Baca still stands to suffer severe prejudice if the documents are produced even though the Magistrate's ruling may be upheld under the appropriate standard of review. Allowing the Fifth Circuit to weigh in will cause no prejudice to the Applicants and public policy supports resolution of the open legal question Ms. Romero-Baca intends to appeal, without fear that her private financial information will be disclosed in the interim.[1]

---

[1] Had the Section 1782 Application been granted *ex parte*, Ms. Romero-Baca would have moved to quash the subpoena upon the Court's order granting the Application or service of the subpoena. Ms. Romero-Baca views her substantive opposition to the Application as equivalent to a motion to quash under the circumstances and believes the motion to quash to be procedurally unnecessary given the Court's ruling on the merits. She therefore is proceeding directly to an appeal. *See Chevron Corp. v. Berlinger*, 629 F.3d 297, 306 (2d Cir. 2011) (ruling on Section 1782 application is a final appealable order).

## I. The Court's Decision Rested on an Undecided Issue of Law

On October 30, 2019, Magistrate Walker issued Proposed Findings of Fact and Recommendation, denying Applicants' request for discovery under 28 U.S.C. § 1782 (the "Magistrate's Ruling"). (Doc. 28). Applicants' objected, arguing among other things that this Court was required to review the Magistrate's Ruling *de novo*. (Doc. 30, at 5). As Ms. Romero-Baca pointed out, however, Applicants ignored a long line of cases holding that a Magistrate's ruling on a Section 1782 Application is not dispositive and is therefore reviewed for abuse of discretion. (Doc. 33 at 2-6). In issuing its Order rejecting the Magistrate's Ruling, this Court sided with the Applicants, but noted the Fifth Circuit has not yet resolved the split between District Courts and other Circuits on the issue. (Doc. 39, at 7-8 (noting the split in authority and finding "no direct guidance from the Fifth Circuit")).

Reviewing the Application *de novo*, the Court found – contrary to Magistrate Walker's detailed findings and analysis – that the third and fourth discretionary *Intel* factors weighed in favor of granting the Application. (*Id.* at 8-15 (citing *Intel Corp. v. Advanced Micro Devices, Inc*., 542 U.S. 241, 255 (2004)). In so doing, the Court disagreed with Magistrate Walker's interpretation of the evidence presented by the parties, to which it would have owed deference had the abuse of discretion standard applied. (*Id.* at 12 (finding Ms. Romero-Baca had not come forward with evidence to make a showing that Applicants were prohibited from seeking this discovery in Honduras)). Indeed, the Court suggested its analysis would have come out differently, had it been reviewing the Magistrate's Ruling for an abuse of discretion. (*Id.* at 13 (reaching a different result on the fourth *Intel* factor because the Court was "reviewing the issue *de novo*")).

Attempting to mitigate the prejudice to Ms. Romero-Baca caused by the Applicants' intrusive inquest, the Court required, as a condition of granting the Application, that: (1) Hancock Whitney Bank produce the requested records to the Court for *in camera* review, before the relevant

portions of the file would be given to Applicants' attorney; (2) all documents produced be treated as "Attorneys' Eyes Only"; and (3) Applicants' private Honduran counsel submit himself to the Court's jurisdiction for enforcement of these limitations.

As explained more fully below, these protections are insufficient to protect Ms. Romero-Baca's privacy interests, and Applicants should not have the opportunity to invade those interests while the Fifth Circuit decides whether it was appropriate for this Court to review the Magistrate's reasoned ruling *de novo*.

## II. Ms. Romero-Baca is Entitled to a Stay Pending Appeal

When deciding whether to grant a stay pending appeal under Federal Civil Rule 62(a), District Courts must consider: (1) the likelihood the movant will prevail on appeal; (2) whether the movant will suffer irreparable harm without a stay; (3) whether the stay will prejudice other parties; and (4) whether public policy favors a stay. *Veasey v. Perry*, 769 F.3d 890, 892 (5th Cir. 2014). The moving party "need not always show a 'probability' of success on the merits." *Ruiz v. Estelle*, 650 F.2d 555, 565 (5th Cir. 1981). "[T]he movant need only present a substantial case on the merits when a serious legal question is involved and show that the balance of the equities weighs heavily in favor of granting the stay." *Id.*

All four factors weigh in favor of a stay.

### A. Ms. Romero-Baca has a Substantial Chance of Succeeding on Appeal

This Court has already ruled against Ms. Romero-Baca on the applicable standard of review, so there is no need to rehash the substance of those arguments. It is, however, noteworthy that (1) Ms. Romero-Baca cited no less than five cases deciding the issue squarely in her favor; (2) the Court itself recognized the split in authority, devoting 3.5 pages to the analysis and acknowledging that it was taking the "conservative" approach by adopting *de novo* review; and (3) the Fifth Circuit has not resolved the conflict. Ms. Romero-Baca respectfully believes that the

Fifth Circuit will resolve the conflict in her favor, but even if this Court disagrees with that assessment, there is no dispute that this is an unsettled issue over which many Courts have disagreed. Under those circumstances, this factor either weighs heavily in Ms. Romero-Baca's favor, or it is substantially discounted because the issue on appeal is purely legal, currently undecided, and a close call. *See, e.g.*, *In re Hansainvest Hanseatische Inv.-GmbH*, No. 18-MC-310 (ALC), 2019 WL 5939860, at *3 (S.D.N.Y. Oct. 4, 2019) (granting partial stay with respect to purely legal issue of first impression); *In re Clerici*, No. 05-22689-CIV-HUCK/SIMONTON, at *3 (S.D. Fla. Mar. 10, 2006) (unpub.) (granting stay pending appeal of decision on Section 1782 application, in part because "the failure of the Supreme Court and Eleventh Circuit to address th[e] precise legal issue, over which reasonable minds could differ") (attached as Ex. 1).

### B. Applicants will Suffer No Harm if the Application is Stayed

Applicants seek discovery from Ms. Romero-Baca's bank for use in an ongoing murder prosecution. That prosecution has been delayed at least in part due to interlocutory appeals and in part because the government in Honduras (including the judiciary) has largely been shut down due to the coronavirus epidemic. (*See* Ex. 3). To Ms. Romero-Baca's knowledge, a trial date has not even been set and, based on the government shutdown, it is unlikely to be set anytime in the near future. Particularly if the Fifth Circuit considers Ms. Romero-Baca's appeal on an expedited basis, Applicants will suffer no harm if enforcement of the Court's order is stayed.

### C. Ms. Romero-Baca will be Severely Prejudiced Without a Stay

The potential harm to Ms. Romero-Baca if the Court's order is not stayed is four-fold. First, to the extent the Court allows any of the requested documents to be produced to Applicants' counsel after *in camera* review, Ms. Romero-Baca will suffer harm due to the invasion of her privacy, which the Court implicitly recognized by adopting a protective order to control the production. (Doc. 39). If the documents are disclosed, there is no way to un-ring the bell, and, if

the Fifth Circuit agrees that this Court applied the wrong standard of review, there will be nothing either Court can do to remedy the wrongful disclosure. *See Clerici*, at *2 ("[O]nce the United States obtains this evidence, a decision of the Eleventh Circuit in favor of Respondent could not undue the injury to him.").

Second, the protective order the Court adopted is insufficient to protect Ms. Romero-Baca's interests in the event of disclosure. Although the documents will be "Attorneys' Eyes Only," there is no mechanism in the order that controls when or how the documents can eventually be used – which is critical because Applicants have made abundantly clear they want to use the evidence in an ongoing murder prosecution. Indeed, in his affidavit subjecting himself to the jurisdiction of this Court for the purposes of enforcing the protective order, Applicants' private prosecutor said he "understand[s] the Court's Protective Order to allow the use of relevant evidence obtained in connection with the instant subpoena in legal proceedings related to the murder of Berta Cáceres in Honduras." (Doc. 40-1, at 2). If there are no restrictions on the use or disclosure of documents in the Honduras proceedings – as the order is written and as Applicants interpret it – then the protective order is effectively meaningless.

Third, Applicants' private prosecutor, Victor Fernández Guzmán, is not merely a private lawyer hired by Applicants to represent their interests in the murder prosecution. He is a regular voice for COPINH, appearing frequently on its website[2] and Facebook page,[3] including discussions specifically about the prosecution of David Castillo. Just a few weeks ago, COPINH posted a video of Mr. Guzmán discussing the Castillo prosecution and holding him out as **COPHINH's** lawyer (not just the Applicants' lawyer). *See* YouTube, *La justicia tardía, no es justicia* (available here: https://www.youtube.com/watch?v=ccBqI25wLNE). As Ms. Romero-

---

[2] https://copinh.org/?s=victor+fernandez

[3] https://www.facebook.com/pg/copinh.intibuca/posts/?ref=page_internal

Baca explained in her opposition to the Application, COPINH is an aggressive political organization that has no interest in protecting Ms. Romero-Baca's privacy. (Doc. 17, at 3-4 & Ex. 3 thereto). As a recent example, after the Court issued its order granting the Application in part, COPINH published a blog post declaring victory in its pursuit for records from Hancock Whitney, **with a picture of Ms. Romero-Baca's home included in the post**. (*See* Ex. 2, at 3). On a third party website, COPINH took it a step further, posting a comment with a full slide show of the **interior of Ms. Romero-Baca's home (**available here: https://t.me/copinhenlucha/1130). Even with the Court's protective order, allowing Mr. Guzman to obtain Ms. Romero-Baca's documents exponentially increases the likelihood that those documents end up in COPINH's hands and are immediately posted to the web for the world to see.

Fourth, and in a similar vein, the Court's order does not relate to just one subpoena or just one invasion of privacy. Given their history, Applicants, COPINH, and Mr. Guzmán are very likely to use this Court's order as precedent to subpoena every other financial institution they can connect to Ms. Romero-Baca or Mr. Castillo. That being the case, the Fifth Circuit should be given the opportunity to weigh in on the propriety of this Court's standard of review before the order granting the application is traipsed around the country to seek even more private financial information from Ms. Romero-Baca.

Under the circumstances of this case, this factor weighs strongly in Ms. Romero-Baca's favor and easily outweighs any potential inconvenience to the Applicants.

### D. Public Policy Favors a Stay

Finally, public policy favors a stay, both because the legal issue that will be the subject of Ms. Romero-Baca's appeal has not been decided, and because Ms. Romero-Baca should not have her private information made available to a Honduran court before it is even clear that the Application to obtain those records was legally proper.

### III. Conclusion

Ms. Romero-Baca intends to appeal the Court's decision to review the Magistrate's Ruling *de novo*. She should be able to pursue that right without being exposed to the potentially wrongful disclosure of her private financial information. She therefore asks this Court to stay its order allowing Applicants to move forward with their subpoena to Ms. Romero-Baca's bank, until the Fifth Circuit can decide her appeal.

RESPECTFULLY SUBMITTED, this the 5th day of June 2020.

**Attorneys for Interested Party, Tanya Romero-Baca**

WEBB SANDERS & WILLIAMS, P.L.L.C.
363 NORTH BROADWAY
POST OFFICE BOX 496
TUPELO, MISSISSIPPI 38802
TELEPHONE: (662) 844-2137
B. WAYNE WILLIAMS, MSB #9769
wwilliams@webbsanders.com
NORMA CARR RUFF, MSB #5721
nruff@webbsanders.com

BY:  /s/ B. Wayne Williams
**B. WAYNE WILLIAMS**

LEWIS ROCA ROTHGERBER CHRISTIE LLP
201 East Washington Street, Suite 1200
Phoenix, AZ  85004-2595
Telephone:  602-262-5337
Randy Papetti (AZ State Bar No. 014586)
rpapetti@lrrc.com
Jared Sutton (AZ State Bar No. 028887)
jsutton@lrrc.com
Jennifer Lee-Cota (AZ State Bar No. 033190)
jlee-cota@lrrc.com

## CERTIFICATE OF SERVICE

I, B. Wayne Williams, one of the attorneys for Tanya Romero-Baca, do hereby certify that I have this date filed the above and foregoing ***Motion for Stay Pending Appeal*** using the Court's electronic filing system which in turn served a true and correct copy of the same to counsel of record as follows:

Amelia S. McGowan, Esq.
Mississippi Center for Justice
P.O. Box 1023
Jackson, MS  39215
amcgowan@mscenterforjustice.org

Leo P. Cunningham, Esq.
Ralitza S. Dineva, Esq.
Sean P. Killeen, Esq.
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
650 Page Mill Road
Palo Alto, California 94304-1050
lcunningham@wsgr.com
rdineva@wsgr.com
skilleen@wsgr.com

Roxanna Altholz, Esq.
INTERNATIONAL HUMAN RIGHTS LAW
CLINIC, UNIVERSITY OF CALIFORNIA
BERKELEY
489 Simon Hall,
Berkeley, California 94720
raltholz@law.berkeley.edu

This the 5th day of June 2020.

/s/ B. Wayne Williams
**B. WAYNE WILLIAMS**