IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | |
|---|---|
| IN RE: *EX PARTE* APLICATION OF LAURA CÁCERES, BERTHA CÁCERES, AND SALVADOR CÁCERES FOR ASSISTANCE BEFORE A FOREIGN TRIBUNAL | CASE NO.: 1:19-mc-00405-KS-RHW |



**DECLARATION OF VICTOR FERNÁNDEZ GUZMÁN IN SUPPORT OF APPLICANTS' RESPONSE IN OPPOSITION TO MOTION FOR STAY PENDING APPEAL**

I, Víctor Antonio Fernández Guzmán, declare under penalty of perjury of the laws of the United States of America that the following is true and correct:

1. I am duly authorized to practice law in the Republic of Honduras.

2. I represent Bertha Isabel Zúniga Cáceres, Laura Yolanda Zúniga Cáceres, and Salvador Edgardo Zúniga Cáceres (together, "Applicants"), Olivia Marcela Zuniga Cáceres, and Austra Berta Flores in the criminal prosecution against Roberto David Castillo Mejia ("Castillo") for the murder of Bertha Isabel Cáceres Flores, which is before the Trial Court with National Territorial Jurisdiction in Criminal Matters in Honduras. I, along with Ronis Rodil Vásquez Florentino, serve as Applicants' private prosecutor in the criminal proceedings against Castillo, as authorized by Honduran law.

3. I have more than twenty years of experience litigating administrative, civil, and criminal cases in Honduras. I served as a criminal prosecutor with the Public Ministry of Honduras between 1999 and 2009, and I have represented victims and defendants in criminal matters. I am familiar with Honduran criminal law and procedure, including the limitations on the length of time a criminal defendant may be detained without a determination of guilt.

1

Escaneado con CamScanner

4. Castillo was arrested on March 2, 2018. A pretrial hearing in his case was scheduled for April 4, 2019. The pretrial hearing was postponed after Castillo's defense counsel refused to carry out the preliminary hearing procedure and filed a request for production of expert evidence. In April 2019, the Public Ministry filed an appeal of the trial court's decision to admit expert evidence proposed by Castillo. In August 2019, the Court of Appeals with National Territorial Jurisdiction in Criminal Matters granted the Public Ministry's appeal, remanded the matter to the trial court to reject the expert evidence proposed by Castillo, and ordered the trial court to hold the pretrial hearing.

5. On October 10, 2019, the trial court again suspended the pretrial hearing, after Castillo filed a motion to invalidate expert testimony proposed by the Public Ministry. When the trial court rejected the motion, Castillo declared his intention to appeal the trial court's decision to the Court of Appeals with National Territorial Jurisdiction in Criminal Matters. Castillo filed that appeal on October 15, 2019, and it has been fully briefed and argued by the parties.

6. On March 16, 2020, the Honduran judiciary suspended court activities due to the COVID-19 pandemic.

7. On April 13, 2020, Mr. Vásquez Florentino, Applicant's co-private prosecutor, contacted the clerk of the Court of Appeals to request information regarding Castillo's October 15, 2019 appeal and the prompt resolution of the matter. The clerk, Oscar Anibal Alvarado, responded the same day in writing, "I would like to inform you that this case has already been discussed, but as a result of the quarantine the decision has not been signed . . . ."

8. On June 4, 2020, the Honduran Supreme Court announced that courts in Honduras would reopen on June 8, 2020 and will prioritize criminal cases involving defendants in pretrial detention. On June 14, 2020, the Supreme Court temporarily suspended the plan to reopen Honduran courts after court officials tested positive for COVID-19.

9. Under Honduran law, a judge may order two years of pretrial detention for individuals accused of committing crimes that carry a sentence of more than six years. In

2

Escaneado con CamScanner

exceptional cases, the Supreme Court of Justice, at the request of the Public Ministry, may extend the period of preventive detention for up to an additional six months. After the detention reaches its legal limit without a conviction, authorities are required to release the accused from pretrial detention.

10. In Castillo's murder prosecution, the Public Ministry requested, and the Supreme Court of Justice granted, a six-month extension of Castillo's two-year preventive detention limit. As Castillo has been detained since March 2, 2018, unless the criminal trial proceeds and results in a conviction, the period of pretrial detention allowable under Honduran law will expire on or before September 2, 2020.

11. I believe that Castillo's murder prosecution will resume shortly. My belief is based on the fact that the resolution of Castillo's October 15, 2019 interlocutory appeal—which is the reason the proceedings in the trial court were suspended—is imminent. This belief is also based on the Honduran judiciary's declared intent to prioritize criminal cases such as Castillo's once courts reopen. Furthermore, based on my experience with the criminal courts in Honduras, I believe that the expiration in less than three months of the allowable limit for pretrial detention in Castillo's case will serve as further impetus for the trial court, Public Ministry, and private prosecution to proceed with the criminal proceedings against Castillo, especially given the seriousness of the crime for which Castillo is being prosecuted.

12. As Applicants' private prosecutors, my and Mr. Vásquez Florentino's highest priority is to ensure Castillo's trial is completed expeditiously and before he is eligible for release upon expiration of the legal limit of pretrial detention.

13. As stated previously, once Castillo's interlocutory appeal is decided and the temporary suspension of court operations is over, the trial court will proceed with the criminal proceedings, and the pretrial hearing in Castillo's case will be held.

14. If I obtain relevant evidence as a result of the instant Application, I intend to submit such evidence at Castillo's pretrial hearing, during which the trial court considers whether there is sufficient evidence to proceed with a criminal prosecution against the

Escaneado con CamScanner

defendant. I previously submitted evidence, including documents and expert testimony, at a pretrial hearing in Castillo's murder prosecution, as explicitly allowed by Honduran law, and argued that the evidence presented in the case, including the evidence I submitted, supports the allegation that Castillo orchestrated Ms. Cáceres's murder.

15. This declaration is in English and has been translated to me in Spanish. I hereby attest to the truthfulness of the foregoing declaration.

Dated: June 15, 2020

_____
Víctor Antonio Fernández Guzmán

Escaneado con CamScanner