IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | |
|---|---|
| IN RE: *EX PARTE* APPLICATION OF LAURA ZÚNIGA CÁCERES, BERTHA ZÚNIGA CÁCERES, AND SALVADOR ZÚNIGA CÁCERES FOR ASSISTANCE BEFORE A FOREIGN TRIBUNAL ) ) ) ) ) ) | CASE NO.: 1:19-mc-00405-KS-RHW |

**REPLY IN SUPPORT OF MOTION FOR STAY PENDING APPEAL**

Recognizing that any balancing of equities favors a stay, Applicants have resorted to a strained interpretation of the law to overstate the requirements Ms. Romero-Baca must satisfy to obtain a stay. The factors warranting a stay are applied with flexibility, with shifting requirements depending on the balance of hardships. Because Ms. Romero-Baca's case presents a serious legal question (*i.e.* an unsettled legal question), she need only present a substantial case on the merits and show that the balance of equities weighs in her favor. Ms. Romero-Baca has made that showing because, as acknowledged by the District Court, the Fifth Circuit has not yet addressed the standard of review of a Magistrate Judge's ruling on a 28 U.S.C. § 1782 application. Additionally, Applicants' purported prejudice is purely speculative and does not outweigh Ms. Romero-Baca's constitutionally-protected interests in financial privacy. Thus, Ms. Romero-Baca has shown that the balance of equities weighs in her favor and the Court should grant the stay.

**I.    The Balance of Equities Weighs in Favor of a Stay**

Applicants overstate the burden for obtaining a stay. The cases do not support a "heavy" burden, but instead acknowledge a flexible standard, with shifting requirements depending on the balance of hardships. *See United States v. Baylor Univ. Med. Ctr.*, 711 F.2d 38, 39 (5th Cir. 1983) ("[T]his Court has refused to apply [the stay] factors in a rigid, mechanical fashion.");

*Mohammed v. Reno*, 309 F.3d 95, 101 (2d Cir. 2002) (citing with approval D.C. Circuit standard that "[t]he necessary 'level' or 'degree' of possibility of success will vary according to the court's assessment of the other [stay] factors" and noting the D.C. Circuit has "granted a stay pending appeal where the likelihood of success is not high but the balance of hardships favors the applicant" and has stated that "a stay may be granted where the probability of success is 'high' and 'some injury' has been shown"). Applying the standard with the flexibility required by the Fifth Circuit and by balancing the hardships, Ms. Romero-Baca's request should be granted.

      A.      **This Case Involves a Serious Legal Question**

Applicants portray this action as an issue of an "intra-trial court standard of review," which they contend has limited application. They justify their position with the self-serving premise that application of a different legal standard would not have changed the outcome in this particular case. Applicants, however, fail to grasp the import of having the Fifth Circuit provide clarity for an unresolved issue that has resulted in a split in legal authority. *See Benson v. Double Down Interactive, LLC*, 2019 WL 972482, at *2 (W.D. Wash. Feb. 28, 2019) (acknowledging that a question is serious when it raises an issue of first impression or involves a split in legal authority); *see also Philipp v. Fed. Republic of Germany*, CV 15-00266 (CKK), 2020 WL 474447, at *4 (D.D.C. Jan. 29, 2020) (acknowledging that issues in case raised serious and important legal questions in part because the questions "have yet to be resolved by the Supreme Court"). Here, the District Court, like numerous other courts in this Circuit, proceeded without guidance from the Fifth Circuit. (*See* Doc. 39 p. 8.) The questions presented in this case would put to rest any doubt as to the proper standard of review, thereby resolving the existing split in authority. This case therefore presents a serious legal question and Ms. Romero-Baca need only show that the balance of equities weighs in her favor. *See Ruiz v. Estelle*, 650 F.2d 555, 565 (5th Cir. 1981).

### B. Ms. Romero-Baca Has Shown a Probability of Success on the Merits

Even if the Court determined this case did not raise a serious legal issue (which it does), the stay should still be granted because Ms. Romero-Baca has shown a probability of succeeding on the merits on appeal. As addressed in the Motion for Stay Pending Appeal (Doc. 43), there are several cases deciding the issue in Ms. Romero-Baca's favor, the Fifth Circuit has not definitively addressed the issue, and, as acknowledged by the District Court, it felt it was being "prudent" and taking a "conservative approach" by applying *de novo* review. Ms. Romero-Baca is required to show a probability of success – not a certainty – and she has done so. *See Ruiz,* 650 F.2d at 565.

Applicants do not substantively address the questions that go to the crux of the probability-of-success issue: (1) the existing split in authority (and the numerous cases deciding the issue in Ms. Romero-Baca's favor), (2) that the Fifth Circuit has not ruled on the issue; and (3) that the Magistrate Judge had ruled in her favor on the merits. These factors show an adequate probability of success.

Instead, Applicants spend significant time addressing whether the Fifth Circuit would affirm the District Court's underlying decision overturning the Magistrate Judge's determination even if the District Court applied an erroneous and inadequately deferential standard of review. Initially, this argument misses the point. The principal question for the Court in considering Ms. Romero-Baca's request for a stay is not whether the Application will be denied upon remand under the new standard; the question is whether this Court applied the correct standard in the first instance.

Even if the Court were to consider the probable result on remand, under the correct standard, Applicants' position is wrong. They fail to acknowledge, for example, that the District Court recognized the third *Intel* factor could be neutral under the *de novo* standard (Doc. 39 p.12), which means that factor would have been treated as neutral (as the Magistrate Judge

found) had the Court deferred to the Magistrate Judge's findings. The same is true of the fourth *Intel* factor. The Magistrate found that factor weighed against the Application because the discovery sought was unduly intrusive or burdensome. The law is well established that a Magistrate's discretion on such a finding will rarely be disturbed when the appropriate standard is applied. *See Bennett v. Hartford Ins. Co. of Midwest*, 890 F.3d 597, 603 (5th Cir. 2018) ("Considering the broad discretion given to trial courts on discovery issues, it is unusual [for an appellate court] to find abuse of discretion in these matters. . . . [T]he trial court's decision should be reversed only in an unusual and exceptional case.") (internal quotations and citations omitted). Under a deferential standard of review, the outcome very likely would have been different.

Under these circumstances, Ms. Romero-Baca has made a sufficient showing that success on appeal is probable.

### C. Applicants' Speculation Does Not Outweigh Ms. Romero-Baca's Privacy Interest in Her Financial Records

Applicants downplay the harm that will result from a disclosure of Ms. Romero-Baca's financial records while simultaneously overselling the urgency of their alleged need for the records. Applicants claim they will be "severely prejudiced" by a stay, but nothing is offered to support this assertion other than speculation. First, the Honduran court system has not yet even re-opened. As acknowledged by Applicants, on June 14, 2020, the Honduran Supreme Court "suspended the plan to reopen Honduran courts after court officials tested positive for COVID-19." (Doc. 46-1 ¶ 8.) The Honduran court system has faced significant challenges due to COVID-19 and there is no indication as to when those challenges will be overcome.

Second, the only evidence supporting the claimed timeline of the case in Honduras is the private prosecutor's personal beliefs. (*See* Doc. 46-1 ¶ 11 ("I believe that Castillo's murder prosecution will resume shortly.").) But no trial date has been set in the Honduras case and, given current conditions, it appears unlikely to be set any time soon. Applicants cannot support

their claim of prejudice based on such speculative evidence. This is particularly true given the potential ramifications of the disclosure of Ms. Romero-Baca's financial information and the likelihood of additional Section 1782 subpoenas.

Applicants do not appear to dispute that Ms. Romero-Baca's privacy interests are implicated by a disclosure of her financial documents. Instead, they focus on the fact that no such documents have been ordered disclosed by the Court. Applicants, however, overlook the fact that the Court <u>granted</u> the Application.[1] The fact that the Court ordered documents be produced for *in camera* review does not change that fact. Further, as explained in Ms. Romero-Baca's Motion, the protective Order does not sufficiently protect Ms. Romero-Baca's interests in the event of disclosure, a point Applicants do not address. This is particularly concerning given that COPINH, the political organization affiliated with Applicants and their private prosecutor, has expressed a clear interest in the financial records related to Ms. Romero-Baca's home. (*See* Doc. 43 p. 6.)

Ms. Romero-Baca has consistently maintained a privacy interest in her financial records. The legitimacy of her interest has not been questioned. Applicants' speculative prejudice does not outweigh Ms. Romero-Baca's established privacy rights in her financial records. *See Mazurek v. United States*, 2001 WL 260064, at *2 (E.D. La. Jan. 11, 2001) ("While the Court recognizes the government's interest in prompt compliance with its treaty obligations, the Court notes and respects the petitioner's privacy interest in his financial records. Enforcement of the summons could result in premature disclosure of the petitioner's bank records to the government of France, the basis for which has been consistently challenged by the petitioner.").

---

[1] The organization affiliated with Applicants (COPINH), has published a post declaring victory in its quest to obtain Ms. Romero-Baca's financial records. (*See* Doc. 43 p. 6.)

### D. Public Policy Weighs in Favor of a Stay

Applicants' interest in a "speedy resolution" does not outweigh Ms. Romero-Baca's constitutionally protected right to confidentiality. *See Plante v. Gonzalez*, 575 F.2d 1119, 1135 (5th Cir. 1978) ("Privacy of personal matters is an interest in and of itself, protected constitutionally . . . and at common law."). In *Plante* the appellate court upheld the disclosure provisions of Florida's Sunshine Amendment but recognized the substantial interest in financial privacy and describing the matter as "one of serious concern, deserving strong protection." *Id.* at 1135-36. Despite the strong protections afforded financial privacy, the Court held that "public interests supporting public disclosure for . . . elected officials are even stronger." *Id.* at 1136.

Applicants present no public policy akin to disclosures for an elected official that outweighs Mr. Romero-Baca's substantial interest in financial privacy. The fact that individual senators want "justice" does not outweigh Ms. Romero-Baca's constitutionally protected rights in her financial privacy, nor does their interest in a "speedy resolution."

The balance of equities weighs in favor of a stay.

## II. The Order is Final and Appealable

Applicants claim that the District Court's Order is not a "final order" is meritless. The District Court granted the Application and is allowing production to proceed pursuant to the terms of the subpoena, with the modification that documents are to be submitted directly to the Court for *in camera* review. The Fifth Circuit views § 1782 orders granting requested discovery as final orders. *See Republic of Kazakhstan v. Biedermann Int'l*, 168 F.3d 880, 881 (5th Cir. 1999) (district court ordered requested discovery pursuant to 28 U.S.C. § 1782 and denied request for reconsideration and motion for emergency stay; the Fifth Circuit stayed discovery on expedited appeal of "the district court's final order"); *cf. El Paso Corp. v. La Comision Ejecutiva Hidroelectrica Del Rio Lempa*, 341 Fed. Appx. 31, 31 (5th Cir. 2009) (affirming district court's denial of request for discovery pursuant to 28 U.S.C. § 1782).

By granting the motion and ordering production of the documents, the Court issued a "final order" subject to the Fifth Circuit's jurisdiction.

**III.   Conclusion**

Ms. Romero-Baca identified a purely legal issue that should be reviewed on appeal and that, if it is resolved in her favor, will likely prevent the disclosure of her private information. Without a stay, she will have no remedy.

RESPECTFULLY SUBMITTED, this the 17th day of June, 2020.

        **Attorneys for Interested Party, Tanya Romero-Baca**

        WEBB SANDERS & WILLIAMS, P.L.L.C.
        363 NORTH BROADWAY
        POST OFFICE BOX 496
        TUPELO, MISSISSIPPI 38802
        TELEPHONE: (662) 844-2137
        B. WAYNE WILLIAMS, MSB #9769
        wwilliams@webbsanders.com
        NORMA CARR RUFF, MSB #5721
        nruff@webbsanders.com

**BY:**   **/s/ B. Wayne Williams**
        **B. WAYNE WILLIAMS**

        LEWIS ROCA ROTHGERBER CHRISTIE LLP
        201 East Washington Street, Suite 1200
        Phoenix, AZ  85004-2595
        Telephone:  602-262-5337
        Randy Papetti (AZ State Bar No. 014586)
        rpapetti@lrrc.com
        Jared Sutton (AZ State Bar No. 028887)
        jsutton@lrrc.com
        Jennifer Lee-Cota (AZ State Bar No. 033190)
        jlee-cota@lrrc.com

## **CERTIFICATE OF SERVICE**

      I, B. Wayne Williams, one of the attorneys for Tanya Romero-Baca, do hereby certify that I have this date filed the above and foregoing Reply in Support of Motion for Stay Pending Appeal using the Court's electronic filing system which in turn served a true and correct copy of the same to counsel of record as follows:

Amelia S. McGowan, Esq.
Mississippi Center for Justice
P.O. Box 1023
Jackson, MS  39215
amcgowan@mscenterforjustice.org

Leo P. Cunningham, Esq.
Ralitza S. Dineva, Esq.
Sean P. Killeen, Esq.
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
650 Page Mill Road
Palo Alto, California 94304-1050
lcunningham@wsgr.com
rdineva@wsgr.com
skilleen@wsgr.com

Roxanna Altholz, Esq.
INTERNATIONAL HUMAN RIGHTS LAW CLINIC, UNIVERSITY OF CALIFORNIA BERKELEY
489 Simon Hall,
Berkeley, California 94720
raltholz@law.berkeley.edu

      This the 17th day of June, 2020.

                                                       **/s/ B. Wayne Williams**
                                                       **B. WAYNE WILLIAMS**