**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

**IN RE: EX PARTE APPLICATION OF
LAURA ZUNIGA CACERES, BERTHA
ZUNIGA CACERES, AND SALVADOR
ZUINIGA CACERES FOR ASSISTANCE**          **CASE NO. 1:19-mc-00405-KS-RHW**

**ORDER ON MOTION FOR STAY PENDING APPEAL**

This cause comes before the Court on Ms. Romero-Baca's Motion for Stay Pending Appeal (Expedited Consideration Requested) [43].[1] The motion is now fully briefed. After reviewing the submissions of the parties, the record, and the relevant legal authority, the Court finds that the Motion will be denied.

**I. BRIEF BACKGROUND**

On May 18, 2020, the Court entered an Order, granting an Application for discovery for use in a foreign tribunal pursuant to 28 U.S.C. § 1782. [39]. The Order requires that the documents be produced to the undersigned first for an *in camera* review. Also, in compliance with the Order, Applicants filed the Consent of Victor Fernandez Guzman to District Court's Jurisdiction for Enforcement of Protective Order [40-1] and issued the subpoena to Hancock Whitney Bank [41-1], which requires that the responsive documents be produced to the undersigned for an *in camera* review on or before June 20, 2020 and that all sensitive, identifying information be redacted. On June 5, 2020, Ms. Romero-Baca filed a Notice of Appeal [42] and the instant Motion for Stay [43], requesting expedited review.

Respondent requests that this action be stayed pending her appeal of this Court's decision to grant the Application for Discovery pursuant to 28 U.S.C. § 1782. Specifically, Respondent is pursuing the appeal on the grounds that the Court, in reaching its decision, did not apply the

---

[1] Ms. Romero-Baca will be referred to herein as "Respondent."

proper standard of review to the Magistrate Judge's Findings of Fact and Recommendation. Respondent had argued that the application for discovery did not involve a dispositive matter, and thus, the Court should have applied the clear error/contrary to law standard set forth in 28 U.S.C. § 636(b)(1)(A).[2] In its Order, this Court, acknowledging that this is an unsettled question and that the Fifth Circuit had not addressed the issue, decided to follow the sister courts in this Circuit, err on the side of caution, and apply a *de novo* standard. [39] at pp. 7-8.

## II. DISCUSSION

Both parties cite to the Fifth Circuit case of *Veasey v. Perry* for what is necessary to show in order to be granted a stay pending appeal. The Fifth Circuit stated:

> We consider four factors in deciding a motion to stay pending appeal: (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

769 F.3d 890 (5th Cir. 2014) (quoting *Nken v. Holder*, 556 U.S. 418, 426 (2009)). "The first two factors of the traditional standard are the most critical." *Id*.

"A stay is not a matter of right, even if irreparable injury might otherwise result." *Indiana State Police Pension Tr. v. Chrysler LLC*, 556 U.S. 960, 961 (2009) (quoting *Nken*, 556 U.S. at 433 with internal quotation marks omitted). "It is instead an exercise of judicial discretion, and the 'party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion.'" *Id*.

---

[2] In the present Motion for Stay, Respondent argues that Magistrate Walker's findings would have been given deference under the "abuse of discretion" standard [43] at p. 2, but that is never the standard when reviewing a magistrate's ruling/recommendation. For nondispositive matters, the district judge assigned to the case may reconsider any pretrial matter by timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law. *See* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). For dispositive matters, the district judge assigned to the case must determine *de novo* any part of the magistrate judge's findings and recommendations that are properly objected to and may accept, reject, or modify the findings or recommendation. *See* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). A district court can also review those portions of the report and recommendation to which no timely objections have been filed for clear error. *See* Fed. R. Civ. P. 72 advisory committee's note ("When no timely objection is filed, the [district] court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.").

Respondent argues that it "need only present a substantial case on the merits when a serious legal question is involved and show that the balance of equities weighs heavily in favor of granting the stay." [43] at p. 3 (citing *Ruiz v. Estelle*, 650 F.2d 555, 565 (5th Cir.1981)). Applicants argue that Respondent does not attempt to show that the appeal involves a serious legal question. [46] at p. 5. Respondent, in her reply, however, clarifies that the unsettled legal question of the proper standard of review on a magistrate's ruling/recommendation on an application under 28 U.S.C. § 1782 presents a serious legal question. [47] at p. 1. Respondent argues that it is a serious legal question because the Fifth Circuit has not yet addressed it. However, the Court finds that an issue of first impression is not synonymous with a serious legal question.[3]

It does not appear that many courts have expounded on what is a serious legal question, but one court has explained that "[a] serious legal question exists when legal issues have far-reaching effects, involve significant public concerns, or have a broad impact on federal/state relations." *In re Dernick*, No. 18 -32417, 2019 Bankr. LEXIS, at *8 (Bankr. S.D. Tex. Jan. 16, 2019) (citing *Wildmon v. Berwick Universal Pictures*, 983 F.2d 21, 23-24 (5th Cir. 1992) and *U.S. v. Baylor Univ. Med. Ctr.*, 711 F.2d 38, 40 (5th Cir. 1983). Although the standard to be applied may affect some cases, such determination would not have far-reaching effects because

---

[3] Respondent cites to *In re Hansainvest Hanseatische Inv.-GmbH*, No. 18-MC-310 (ALC), 2019 WL 5939860, at *1 (S.D.N.Y. Oct. 4, 2019), wherein the court granted a partial stay on an issue of first impression. In that case, the issue was the extra-territorial reach of 28 U.S.C. § 1782, which involves interpretation of the statute itself, which is a more serious legal question than whether an application is a nondispositive or dispositive matter affecting intra-court review. Also, the Court finds the unpublished district court opinion (*In re Clerici*) from 2006 submitted by Respondent to be distinguishable. That case involved a "discovery request for evidence that ultimately would be used to enforce a foreign judgment in a foreign court," which had not been addressed by the Supreme Court or the Eleventh Circuit. [43-1] at p. 3. Again, that question related to the reach of the statute itself, and thus, would go directly to the correctness of the Court's ruling to allow the discovery. Also, the judgment itself was under appeal. The circumstances here are quite different. The issue of first impression here does not go directly to the correctness of this Court's ultimate ruling, which will be addressed *infra*.

28 U.S.C. § 1782 is not widely used.[4] In addition, it may be moot in some instances. Some district courts may decide the application without a magistrate ever seeing it because there is nothing in § 1782 or elsewhere that requires a magistrate judge to review an application for discovery in the first place. Next, the internal standard of review to be applied to a magistrate judge's ruling/recommendation is not a matter of public concern, and such determination would have no impact on federal/state relations. As such, while it would be desirable to have clear direction from the Fifth Circuit, absent any other argument from Respondent about why the standard of review is a serious legal question, the Court does not find it to be such a question.

Accordingly, Respondent must therefore make a showing as to all four factors mentioned in *Veasey*. Predictably, Respondent contends all four factors weigh in favor of a stay, while Applicants argue they do not.

### A.     Whether Respondent Has a Likelihood of Succeeding on the Appeal

Respondent contends that the appellate court is likely to rule in her favor because she cited no less than five cases deciding the standard of review issue in her favor; this Court recognized there was a split of authority, and the Fifth Circuit has not resolved the conflict. It is true that Respondent cited a number of cases deciding the issue in her favor. However, those cited were all district court cases outside of this Circuit, which are only persuasive authority and not binding. This Court, by applying a *de novo* review, did not create a conflict for the Fifth Circuit to resolve, as this Court was following what other district courts in this Circuit have done. Although conflicting opinions among district courts across the country may exist, such conflict has existed for a number of years,[5] and apparently the issues has either not been presented on

---

[4] In the undersigned's twelve years on the federal bench, this is the first time he has addressed an application for discovery for use in a foreign tribunal.

[5] *In re Cohen*, No. 16-MC-2947, 2016 U.S. Dist. LEXIS 169622, at *7 n.3 (E.D.N.Y. Dec. 6, 2016) (noting that whether rulings on motions under §1782 are considered dispositive or non-dispositive is an unsettled question and proceeding under de novo review "out of abundance of caution").

appeal or no Circuit Court of Appeals has found the need to address it.[6] Respondent has not shown that the Fifth Circuit is likely to either.

Applicants argue that the Applicants argue that Respondent is not likely to prevail on appeal because the appeal is premature. Applicants point out that the case relied on by Respondent that this Court's Order is immediately appealable involved the court's authorizing subpoenas and directing the immediate production of the document (film footage) at issue. *See Chevron v. Corp. v. Berlinger*, 629 F.3d 297, 305 (2d Cir. 2011). Applicants argue that here there is not yet a final order because, with the *in camera* review, it is not guaranteed that the discovery will indeed be produced, and without finality, there is no appellate jurisdiction. Respondent disagrees and cites to cases wherein the order granting an application was seen as a final appealable order. The Court declines to weigh in on the propriety of the appeal itself. Rather, the Court will assume that the appellate court will have jurisdiction.

In assessing the first factor, a likelihood of success on appeal tacitly implies that the outcome would be different and the applicant for a stay would then "prevail." *Cf. Nken*, 556 U.S. at 439 (Kennedy, J. concurring) (reviewing prior opinions and concluding "the applicant must meet a heavy burden of showing not only that the judgment of the lower court *was erroneous on the merits*, but also that the applicant will suffer irreparable injury if the judgment is not stayed pending his appeal") (emphasis added). Respondent fails to acknowledge that because she does not seek to overturn this Court's determination on the merits, even if the Fifth Circuit were to find that a § 1782 application is a nondispositive matter and this Court failed to apply the proper standard, Respondent would still not "prevail" because the end results on the merits is not likely to change. This is so for two reasons.

---

[6] Respondent cited to *In re Application of the Republic of Ecuador for the Issuance of a* Subpoena,735 F.3d 1179 (10th Cir. 2013) in her original opposition, but that case did not address the standard to be applied, only that an order granting a motion to compel after the application was granted was a final appealable order.

5

First, the Fifth Circuit could simply remand the case for application of the proper standard. *See, e.g., U.S. v. Thibodeaux*, 663 F.2d 570 (5th Cir. 1981) (remanding to district court for reconsideration). Second, the Fifth Circuit could also find that applying the wrong standard was harmless error. *See, e.g., Castillo v. Frank*, 70 F.3d 382, 386 (5th Cir. 1995) (finding that district court's application of the wrong standard of review was harmless error). With either of those outcomes, given this Court's findings, it is likely that the appeal would not result in Respondent's prevailing. Recall that when addressing the third *Intel* factor and sustaining Applicants' objection,[7] the Court noted that the Magistrate Judge's apparent requirement that the Applicants' show explicit authority to conduct discovery would be contrary law, even under the clearly erroneous or contrary to law standard. [39] at p. 12 n. 10. As for the fourth *Intel* factor, this Court implicitly found that the Magistrate Judge imposed an impermissibly high relevance threshold on the discovery request, which would be clearly erroneous/contrary to law, and found that "it is not up to this Court to determine the particular relevancy of the information sought." [39] at 1.[8] The Court then accounted for any intrusiveness by issuing a protective order. Thus, even though the Court applied a *de novo* standard, it also provided grounds for sustaining the objections under the stricter standard. Consequently, if remanded, the outcome is highly likely to be the same; and if the Fifth Circuit finds that this Court also applied the stricter standard, and was correct harmless error. Accordingly, any potential success on appeal would not result in any change in the outcome of the Application.

---

[7] These are four factors identified by the Supreme Court to guide the district court's exercise of discretion. *See Intel Corp. v. Advanced Micro Devices, Inc*., 542 U.S. 241, 255 (2004).

[8] Applicants posit a host of reasons the Magistrate Judge's recommendation was clearly erroneous or contrary to law. [46] at pp. 11-13. The Court, however, did not address many of these and will not revisit its prior ruling to address them at this juncture. The Court has noted only the grounds upon which it specifically felt the magistrate erred.

Because Respondent has not met her burden on this first factor of the analysis, the Court need not examine the other factors, but in the interest of thoroughness, the Court will address the other three factors briefly.

### B.     Whether Respondent Will Be Irreparably Injured Absent a Stay

Respondent argues that the potential harm to her is four-fold: 1) she will suffer harm if the documents are produced due to the invasion of her privacy and there will be no way to un-ring the bell; 2) the protective order is insufficient to protect her interests; 3) because Mr. Guzman also represents COPINH,[9] there is an increased likelihood that those documents will end up in COPINH's hands and be misused; 4) the Applicants, COPINH, and Mr. Guzman are likely to use this Court's order as precedent to subpoena every other financial institution that they can connect to Respondent and Castillo. The Court finds the second issue to be a subset of the first, and the third and fourth factors are nothing but mere speculation, which is insufficient. *See Walker v. Epps*, 287 Fed. App'x 371, 376 (5th Cir. 2008) (explaining that "to establish irreparable harm, speculative injury is not sufficient"); *Nken*, 556 U.S. at 434 (stating that "simply showing some possibility of irreparable injury fails to satisfy the second factor").

Lest there be any doubt, the animus between these parties is not lost on the Court, but the Court will not entertain conjecture based on insinuated evil intent. COPINH is not a party before this Court, and as Respondent herself points out, Mr. Guzman acknowledged in his consent to the jurisdiction of this Court, that he "understand[s] the Court's Protective Order to allow the use of relevant evidence obtained in connection with the instant subpoena in legal proceedings related to the murder of Berta Caceres in Honduras." [43] at p. 5 (citing [40-1] at p. 2). Use in legal proceedings—indeed that is what the § 1782 statute itself contemplates—obtaining discovery for use in a foreign tribunal. The Court need not issue a protective order to enforce

---

[9] Respondent assets "COPINH is an aggressive political organization." [43] at p. 6.

what the statute contemplates. Should such information be misused, Mr. Guzman will be subject to the jurisdiction of this Court.

As for the privacy issue, Respondent continues to vaguely assert a privacy interest in her "financial records." She does not attempt to explain to the Court what these documents may reveal that is in such dire need of protecting. Bear in mind, it is not her records in particular that Applicants seek; rather, her husband's. However, to the extent her information is mingled with his, Respondent never sought reconsideration of the protective order to argue that it was insufficient. The Court believes it is. This Court is not looking to invade the privacy interests of Respondent and will do all it can to protect it. The *in-camera* review will serve to protect the wholesale production of the mortgage file. Any financial information that appears to belong solely to Respondent will more than likely be deemed irrelevant and not produced. All identifying personal information and account numbers will be redacted. Additionally, as Applicants point out, even as to the privacy issue, because there has been no disclosure yet and that which will be produced is being produced to chambers, all injury is speculative. For all of these reasons, the Court finds that Respondent has failed to show that she will suffer irreparable harm if the stay is denied.

        **C.**    **Whether Issuance of the Stay Will Substantially Injure the Other Parties Interested in the Proceeding**

Respondent argues that there will be no injury to Applicants because, to her knowledge, a trial date has never been set, and due to the coronavirus shut down, it is unlikely to be set anytime in the near future. Contrarily, Applicants have submitted an affidavit from their private prosecutor, Victor Guzman, who declares that it is his intention to present at the pretrial hearing in the Honduran case any relevant evidence obtained. [46-1] at ¶ 14. Mr. Guzman provides an adequate showing, based on the circumstances of the case and under Honduran law, that this pretrial hearing could be imminent. [46-1] at ¶ 11. Delaying the discovery increases the

8

likelihood that Applicants will not obtain the evidence they seek. Going forward without that evidence could indeed cause prejudice to them because, according to Applicants, the pretrial hearing is a critical evidentiary hearing at which the Honduran court will determine whether enough evidence has been presented to continue the murder case against Castillo. [46] at p. 19 (citing [46-1] at ¶ 14).[10] The Court finds this factor weighs against granting a stay.

### D.  Where the Public Interest Lies

Because the Court finds that none of the first three factors favor a stay in this case, the Court declines to address the public interest argument except to say, as Applicants note, where an applicant for a stay "fails to demonstrate a likelihood of success on the merits of its appeal . . . [t]he interest in speedy resolution of disputes prevails" when considering the public interest factor. *Vine v. PLS Fin. Servs.*, 2019 U.S. Dist. LEXIS 153328, *29-30, 2019 WL 4257108 (E.D. Tex. Sept. 9, 2019) (quoting *Weingarten Realty Investors v. Miller*, 661 F.3d 904, 913 (5th Cir. 2011)).

## III. CONCLUSION

Respondent has failed to carry her burden to show that the circumstances of this case justify a stay pending her appeal. The factors set forth in the Veasey case do not weigh in favor of granting a stay. Accordingly, IT IS HEREBY ORDERED that Ms. Romero-Baca's Motion for Stay Pending Appeal (Expedited Consideration Requested) [43] is hereby DENIED.

SO ORDERED AND ADJUDGED this 19th day of June 2020.

/s/ Keith Starrett_____
KEITH STARRETT
UNITED STATES DISTRICT JUDGE

---

[10] Respondent claims no harm will come, particularly if the Fifth Circuit considers the appeal on an expedited basis. [43] at p. 4. Respondent, however, presents nothing from which to glean that the Fifth Circuit would entertain this appeal on an expedited basis. A quick review of the docket for Fifth Circuit Court of Appeals Docket #: 20-60463 reveals that there has been nothing filed to date relating to expediting the appeal.