# Exhibit A

AUTO DE APERTURA A JUICIO
EXPEDIENTE NÚMERO 04-2018 J.N.M.D.C.

JUZGADO DE LETRAS CON COMPETENCIA TERRITORIAL NACIONAL EN MATERIA PENAL, TEGUCIGALPA, FRANCISCO MORAZAN.- VEINTISEIS DE AGOSTO DEL AÑO DOS MIL VEINTE.-

El Abogado CARLOS IRIAS DE LEON, Juez con Competencia Territorial Nacional, resolviendo sobre la procedencia de ordenar la apertura a Juicio en los hechos investigados y que se le imputa al ciudadano: ROBERTO DAVID CASTILLO MEJIA, con numero de identidad 0501-1980-06719, de 37 años, originario de San Pedro Sula, Cortes, casado, Ingeniero Electricista, con domicilio en Lomas del Guijarro, edificio alta vista, calle principal, Tegucigalpa, a quien se le supone responsable dela comisión del delito de ASESINATO, en perjuicio de la señora BERTHA ISABEL CACERES FLORES.-

En el presente caso se ha presentado el Ministerio Público, expresando que tiene legitimación para ejercer la acción pública y nombrando como representante la Abogada INGRID BELINDA FIGUEROA en su condición de Agente de Tribunales del Ministerio Público, los Abogados RONIS RODIL VASQUEZ FLORENTINO Y VICTOR ANTONIO FERNANDEZ GUZMAN, como Acusadores Privados; los Abogados JUAN SANCHEZ CANTILLANO Y RITZA YOLANDA ANTUNEZ REYES como defensores privados del imputado Roberto David Castillo Mejia.-

## ANTECEDENTES PROCESALES

**1.-** Que en fecha uno de marzo del año dos mil dieciocho, el Ministerio Publico presento requerimiento fiscal en contra del imputado **ROBERTO DAVID CASTILLO MEJIA**, por suponerlo responsable de la comisión del delito de **ASESINATO**, en perjuicio de la señora **BERTHA ISABEL CACERES FLORES**, en base a los hechos siguientes:

**PRIMERO:** El dia dos de marzo del año dos mil dieciséis, la ofendida **Bertha Isabel Cáceres Flores**, se encontraba en compañia del **Testigo Protegido ABC-03-03-2016**, en su casa de habitación cita en la Colonia El Libano del Municipio de

La Esperanza, Intibucá, cuando aproximadamente a esa hora los imputados **Henry Javier Hernández**, **Elvin Heliberto Rápalo Orellana** y **Oscar Aroldo Velásquez**, (Contra quienes está próximo a celebrarse audiencia de juicio oral y público) ingresaron violentando la puerta trasera de la vivienda, inmediatamente se dirigieron a las habitaciones y dando puntapiés a sus puertas, lograron abrir el dormitorio donde se encontraba la ofendida **Bertha Isabel Cáceres Flores** quien al escuchar el ruido provocado por los imputados preguntó "Quien anda allí", inmediatamente tratando de evitar el ataque empujaba la puerta tratando de cerrarla, mientras uno de ellos logro ingresar y disparar con el arma de fuego que portaba a la ofendida **Bertha Isabel Cáceres Flores**, quien de inmediato cayó al suelo quedando gravemente lesionada debido a que los disparos provocaron daños a órganos vitales importantes de su humanidad, causando su muerte de manera instantánea, habiéndose determinado mediante la autopsia correspondiente que la manera de muerte fue Homicida, causada por disparos provocados por arma de fuego.-

**SEGUNDO**: La ofendida **Bertha Isabel Cáceres Flores**, quien en vida fue defensora de Derechos Humanos y Ambientalista, quien desarrollaba sus labores a través del Consejo Cívico de Organizaciones Populares e Indígenas de Honduras **(COPINH)**, que desde los inicios de la construcción del Plantel Hidroeléctrico Agua Zarca propiedad de la Sociedad Mercantil Desarrollos Energéticos S.A. **(DESA)**, ubicado entre los departamentos de Intibucá y Santa Bárbara, se oponían y protestaban constantemente a que se edificara o construyera en el lugar previamente indicado, por considerar que la ejecución del proyecto provocaba graves e incuantificables daños al medio ambiente, resultando además perjudicada la economía de los pueblos indígenas de la zona. Las manifestaciones lideradas por la ofendida **Bertha Isabel Cáceres Flores**, en su momento lograron la perdida de financiamiento extranjero y la empresa constructora ordenó la paralización del proyecto en su ubicación original, y se cambió su sitio de los departamentos de Intibucá y Santa Bárbara hacia la comunidad de San Francisco de Ojuera, en el departamento de Santa Bárbara, en donde actualmente se ejecutan las obras, lo que llevo a generar grandes pérdidas a los socios de dicha empresa.

**TERCERO**: Según las investigaciones efectuadas por la Agencia Técnica de Investigación Criminal (ATIC) señalan que el imputado **Roberto David Castillo Mejía** en ese momento fungía como Presidente de la Empresa de Desarrollo Energéticos S. A. **(DESA)**, quien además fue **ex miembro del Ejército**, y **este** en el mes de octubre del año dos mil quince (2015), crea un grupo de conversación

de WhatsApp, en el que se incluían a altos ejecutivos de dicha empresa, así como al Jefe de Seguridad **Sergio Ramón Rodríguez Orellana** (Imputado también por estos hechos, contra quien está próximo a celebrarse audiencia de juicio oral y público, entre otros), quien en ese momento fungía como Gerente Ambiental y Social de la empresa constructora, entre otros. De los datos contenidos en las conversaciones realizadas por miembros de ese grupo de WhatsApp, expresan la necesidad de controlar la información sobre la seguridad del embalse, en relación a las acciones que realizaba la Organización que lideraba la ofendida **Bertha Isabel Cáceres Flores**, a fin de contrarrestarlas y de conocer los planes y actividades que estos iban a realizar como protestas por la construcción del Proyecto Hidroeléctrico; así las cosas, el señor **Sergio Ramón Rodríguez Orellana**, en fecha 29 de Octubre del año 2015 escribió al grupo de WhatsApp, **"Es evidente que mientras no llegue Tomas o Bertha el movimiento se debilita y hay poca convocatoria. De allí que contra ellos es que debemos también encaminar acciones."** Comienza entonces, **ROBERTO DAVID CASTILLO** a realizar acciones concretas y se comunica con el imputado **Douglas Geovanny Bustillo**, su ex compañero de armas en las Fuerzas Armadas y quien además había trabajado como Jefe de Seguridad del Plantel de la Represa, para que éste último comenzara a realizar acciones para ubicar a las personas idóneas para dar muerte a la ofendida **Bertha Isabel Cáceres Flores**. Por lo que desde el mes de noviembre del 2015, se realizan una serie de comunicaciones entre los imputados **Douglas Geovanny Bustillo, Roberto David Castillo Mejía y Sergio Ramón Rodríguez Orellana**, desprendiéndose que el imputado Bustillo se comunicó con el coimputado **Mariano Díaz Chávez**, para obtener armas y personas con quienes cometer el hecho, es así que se contacta con otro de los imputados **Henry Javier Hernández Rodríguez**, quien junto al imputado **Douglas Geovanny Bustillo** se desplazaron a la ciudad de Intibucá, para realizar la ubicación y seguimiento de la ofendida **Bertha Isabel Cáceres Flores**, vigilancias que fueron realizadas en los meses de enero y febrero del año 2016, meses durante los cuales el imputado **Douglas Geovanny Bustillo** pedía a **Roberto David Castillo Mejía** que se efectuara un adelanto del 50% del pago pactado y le dice que esté preparado que en cualquier momento puede ser que ocurra, posteriormente le indica que necesita obtener logística. Además durante la investigación ha quedado de manifiesto que el imputado **Roberto David Castillo Mejía** recibió informes de parte del imputado **Douglas Geovanny Bustillo** sobre las ubicaciones y sobre el aborto de la misión en el mes de febrero, fechas en las que se encontraban en Intibucá los autores materiales del hecho.

**CUARTO**: Asimismo se ha logrado establecer a través del vaciado telefónico que corre agregado al proceso, que el imputado **Douglas Geovanny Bustillo**, el día 03 de marzo del año 2016, realizó varias llamadas al imputado **Roberto David Castillo Mejia,** horas después de haberse perpetrado el crimen en contra de la ambientalista, evidenciándose las comunicaciones entre los autores materiales, Douglas Bustillo como intermediario y el señor Roberto David Castillo, es por ello que se le promovió causa penal al ahora encartado, solicitando se librara la correspondiente orden de captura en contra del señor ROBERTO DAVID CASTILLO MEJIA, requerimiento fiscal que es admitido en esa misma fecha, ordenando el libramiento de orden de captura en contra del referido imputado.-

**QUINTO:** Es así que en fecha tres de marzo del año dos mil dieciocho, es ejecutada la orden de captura y puesto a la orden de este Juzgado el señor **ROBERTO DAVID CASTILLO MEJIA**, celebrándose la correspondiente Audiencia de Declaración de Imputado en la que el órgano jurisdiccional le dictó la medida cautelar de Detención Judicial, en la misma se señaló día, fecha y hora para la celebración de la correspondiente Audiencia Inicial para el día nueve de marzo del año dos mil dieciocho, en la que la señora Juez conocedora luego del indicio racional suficiente requerido en esa audiencia, le dicta Auto de Formal Procesamiento con la medida cautelar de Prisión Preventiva al señor **ROBERTO DAVID CASTILLO MEJIA**, por suponerlo responsable de la comisión del delito de **ASESINATO**, en perjuicio de la señora **BERTHA ISABEL CASTILLO MEJIA**, indicios que persisten hasta esta fecha del proceso.-

**SEXTO:** En fecha cuatro de abril del año dos mil diecinueve, se llevó a cabo la correspondiente Audiencia Preliminar, en la que el señor Fiscal del Ministerio Público en uso de la palabra formalizó acusación en contra del señor **ROBERTO DAVID CASTILLO MEJIA**, por suponerlo responsable de la comisión del delito de **ASESINATO**, en perjuicio de la señora **BERTHA ISABEL CASTILLO MEJIA**, para lo cual realizo una exposición del cuadro factico del accionar penal, indicando que para acreditar la comisión de los hechos, así como la participación del ahora imputado, dentro de los aspectos relevantes cuenta con: **Aspecto de la Investigación: 1.-** Acta de Levantamiento de cadáver de la ofendida **Bertha Isabel Cáceres Flores. 2.-** Dictamen de Autopsia No. 371-2016, practicada a **Bertha Isabel Cáceres Flores. 3.-** Actas levantadas al momento de realizarse mediante orden judicial el Allanamiento de Morada, en las viviendas de los imputados **Douglas Geovanny Bustillo y Sergio Ramón Rodriguez Orellana,** así como en las oficinas de la empresa de **Desarrollos Energéticos S.A. (DESA) 4.-** Acta de decomiso del teléfono celular marca Samsung color dorado, propiedad

del imputado **Sergio Ramón Rodríguez Orellana**. 5.- Dictámenes de Extracción Telefónica **No. 161-2016, 166-2016, 167-2016**. 6.- Dictamen de Vinculación Telefónica emitido por la perito **Brenda Karina Barahona**; haciendo mención de de igual manera la pena a imponer en el presente delito, el cual se encuentra definido y sancionado en el art. 117 del código penal, asimismo que la participación del ahora imputado es a titulo de autor, conforme al art. 32 del código penal, formalizando entonces su acusación por el delito de Asesinato, solicitando se decretara Auto de Apertura a Juicio en apego a lo establecido en el articulo 302 del Código Procesal Penal, elevando asi la causa a juicio oral y público.- De igual manera la Acusación Privada en uso de la palabra formalizó acusación en contra del señor **ROBERTO DAVID CASTILLO MEJIA**, por suponerlo responsable de la comisión del delito de **ASESINATO**, en perjuicio de la señora **BERTHA ISABEL CASTILLO MEJIA**, para lo cual realizo una exposición al cuadro factico del accionar penal imputable al ahora imputado, haciendo mención de los medios de prueba con los cuales considera que se acredita la participación del ahora imputado en los hechos, la pena a imponer en el presente delito, al final formalizado acusación por el delito de Asesinato, definido y sancionado en el art. 117 del código penal, considerando que la participación del imputado es titulo de autor conforme al art. 32 del Código Penal, solicitando se decretara Auto de Apertura a Juicio en apego a lo establecido en el articulo 302 del Código Procesal Penal, elevando asi la causa a juicio oral y público.-

**SEPTIMO:** Por su parte la defensa se abstuvo de contestar los cargos formulados por el Ministerio Publico y la Acusación Privada contra su representado, solicitando que en virtud de que ya estaban a disposición del órgano jurisdiccional las pericias realizadas por los peritos juramentos en legal y debida forma, se permitiera la evacuación de los medios de prueba periciales en esta audiencia preliminar, ya que del resultado de dichas pericias saldría a luz la verdad de los hechos, considerando que es de trascendental importancia la evacuación de dichos medios de prueba que vendrán aclarar al órgano jurisdiccional los hechos y la inocencia de su representado.- La señora Juez instructora de este proceso luego de escuchar la intervención de las partes estimo pertinente accedera la petición de la defensa, en cuanto a la evacuación del medio de prueba pericial, por considerar que el mismo es útil, pertinente y proporcional a la causa de merito. Audiencia esta que fue suspendida en razón de que la representante del Ministerio Público y Acusador Privado indicaron que debido a que se había admitido evacuar la prueba pericial, necesitaban contar con la presencia de un consultor técnico, por lo que la señora Juez conocedora accede a dicha petición y suspende la

celebración de dicha audiencia para continuarla en fecha veinticuatro de abril del año dos mil diecinueve.- Pudiendo constatarse que la continuación de audiencia preliminar programada para el día Veinticuatro de Abril del 2019, no tuvo su desarrollo en razón de que la representante del Ministerio Público como los Acusadores Privados no estuvieron de acuerdo con la resolución emitida por el Órgano Jurisdiccional en la que se admitía la solicitud de la defensa en cuanto a la pericia relacionada, interponiendo la representante del Ministerio Público Abogada Ingrid Belinda Figueroa, recurso de apelación en fecha nueve de abril del año dos mil diecinueve. Es así que dicho recurso es admitido y se ordena dar el trámite de ley correspondiente, remitiéndose el proceso de mérito a la Honorable Corte de Apelaciones con Jurisdicción Nacional en fecha tres de mayo de año dos mil diecinueve, resolviendo el honorable Tribunal de Alzada en fecha diez de mayo del año dos mil diecinueve, declarar con lugar el recurso de apelación interpuesto por la representante del Ministerio Público, ordenando a la Juez instructora sanear la resolución emitida en fecha cuatro de abril del año dos mil diecinueve. Es así que una vez recibido el proceso de mérito este Órgano Jurisdiccional procede a señalar continuación de audiencia preliminar, programando nuevamente la misma para el día veinticinco de septiembre del año dos mil diecinueve, misma que no se lleva a cabo en esa fecha, en razón de que la defensa privada presento solicitud de reprogramación de dicha diligencia judicial.

**OCTAVO:** En fecha diez de octubre del año dos mil diecinueve, fecha para continuar con el desarrollo de la audiencia preliminar iniciada desde fecha cuatro de abril del año dos mil diecinueve **(en la que se tuvo por formalizada la Acusación por la Fiscalía y el Acusador Privado),** de nueva cuenta la defensa antes de contestar los cargos respectivos, interpone incidente de Nulidad, el cual es declarado sin lugar por la señora Juez, siendo la misma recurrida por la defensa al no estar de acuerdo con dicha resolución, interponiendo Recurso de Apelación, mismo que fue admitido, ordenándose dar el trámite de ley correspondiente y se remite el proceso de nueva cuenta al Tribunal de Alzada en fecha trece de noviembre del año dos mil diecinueve; recayendo la respectiva resolución de la Alzada quien declara SIN LUGAR el recurso promovido, pero a la vez en su motivación establece que se debe de continuar con el desarrollo de la Audiencia Preliminar a efecto de que este Órgano Jurisdiccional valore las pericias que fueron admitidas para que las mismas sean evacuadas e incorporadas, por lo que una vez recibidas las diligencias de mérito en fecha siete de agosto del presente año, se señala como nuevo día, fecha y hora para continuar con el **desarrollo de audiencia preliminar el día Veintiuno de agosto del presente año (2020).-**

**NOVENO:** Siendo el día, fecha y hora señalada para la continuación de audiencia preliminar (21-08-2020), este Juzgador con fundamento en lo que establece el Artículo 5 de la Ley Especial de Órganos Jurisdiccionales con Competencia Territorial Nacional en Materia Penal, dio por iniciada dicha audiencia, y siguiendo con los lineamientos establecidos en el Art. 301 de nuestra normativa procesal penal, cedió el uso de la palabra a la Defensa Privada del imputado con la finalidad de que contestara los cargos imputados a su representado y así lo hizo: Contesta cargos que en su momento formalizó el Ministerio Público y la parte acusadora privada iniciando con una exposición de hechos y consideraciones que se han dado durante todo el proceso, partiendo de las dudas que les genero acerca del manejo y la forma como había sido extraída la información en el dictamen pericial presentado por la perito Breda Barahona del MP en audiencia inicial, por lo que al observar ciertas irregularidades solicitan a este órgano jurisdiccional 2 diligencias de investigación consistentes en la realización de 2 pericias, proponiendo a 2 peritos norteamericanos para que realizaran una extracción de toda la información de todos los aparatos que la fiscalía había secuestrado y a un perito mexicano para que realizara un análisis de vinculación similar al peritaje que había realizado la perito del MP con la finalidad de determinar si el peritaje que había presentado el MP debía de valorarse de forma congruente y eficaz en la audiencia preliminar ya que la defensa aduce que la perito Brenda Barahona anula conversaciones entre el señor Roberto David Castillo y la señora Bertha Cáceres por lo que solicitan que ambas pericias presentadas por parte de la defensa sean valoradas en razón de que se habían cumplido con todos los parámetros legales para su realización, solicitud a la cual el MP estuvo en desacuerdo, por lo que solicitan que se dé fiel y estricto cumplimiento a lo ordenado en la última resolución de la Corte de Apelaciones de lo Penal con Jurisdicción Nacional de Tegucigalpa con el fin de que se pueda emitir una resolución que conforme a derecho corresponda, ya que en el trascurso del proceso la defensa ha venido exponiendo una serie de irregularidades como ser falsificaciones, extremo que señalan acreditarlo con la valoración de los dictámenes periciales presentados por la defensa y al corroborarse dicho extremo la pericia del MP se convertiría en Prueba Ilícita por lo cual debe de ser descartada en el proceso y valorar los elementos existentes para considerar si es necesario que la causa sea elevada a juicio oral y público, aplicando para ello el principio de supresión hipotética, por su parte la abogada Ritza Antúnez hizo mención de algunos mensajes que se encuentran en el dictamen realizado por los peritos propuestos por la defensa concluyendo que el dictamen pericial presentado por el MP es falso y que es la única prueba incriminatoria con la que cuenta el MP

ya que fue el único sustento que tuvo para que se dictara un Auto de Formal Procesamiento en Audiencia Inicial, y en razón de lo señalado por el abogado Juan Carlos Sánchez solicita que se dicte un sobreseimiento definitivo a favor del señor Roberto David Castillo tal como lo establece el artículo 302 relacionado con el artículo 296 de la normativa procesal penal porque consideran que no existen motivos suficientes para que la misma sea elevada a juicio oral y público.- **Finalmente el Juzgado ordena que** dentro de los tres días siguientes en atención al artículo 302 del Código Procesal Penal, emitirá la resolución que conforme a Derecho corresponda, conforme a la formalización de Acusación planteada, contestación de cargos de la defensa y análisis exhaustivo de las diligencias de mérito, por lo que concluido el plazo señalado y luego del análisis exhaustivo y estudio de estas diligencias, el Suscrito encuentra procedente decretar el presente Auto de Apertura a Juicio en contra del ciudadano ROBERTO DAVID CASTILLO MEJIA, en atención a la motivación siguiente.

## MOTIVACION

1.- Del análisis realizado respecto a las acusaciones interpuestas por la representación del Ministerio Público y los Acusadores Privados, se desprende que las mismas reúnen los requisitos que el Código Procesal Penal exige para su admisión y que no existe ningún obstáculo procesal para que Ministerio Público pueda entablar la acusación.

2.- Del análisis realizado respecto a la formalización de acusación planteada por la representación del Ministerio Público y los Acusadores Privados, se desprende que las mismas reúnen los requisitos que el Código Procesal Penal exige para su admisión y que no existe ningún obstáculo procesal para que el órgano encargado de ejercitar la acción penal pública pueda sostener la acusación en un juicio oral y público, en virtud de que existen elementos de prueba suficientes con los cuales se acredita no solo la existencia del ilícito penal de **ASESINATO** y denunciados a este órgano jurisdiccional, concurriendo los elementos objetivos y subjetivos del tipo penal antes señalados, sino que también con dichos elementos probatorios hasta este momento procesal se acredita la participación del ahora imputado como autor intelectual en los hechos que se le imputan, lo anterior sin perjuicio de que el presente hecho sea sometido al debate, donde a la luz y probanza de los principios del mismo, sea el Honorable Tribunal de Sentencias quien emita una resolución final al respecto, respetando siempre el estado de Inocencia que le asiste al imputado según lo manda nuestra Constitución de la Republica, Código Procesal Penal y otros Tratados Internacionales de los que nuestro País forma parte.

3.- El análisis muestra que el señor **ROBERTO DAVID CASTILLO MEJIA**, ejecuto hechos y acciones que lo vinculan con el delito de **ASESINATO**, en perjuicio de la señora BERTHA ISABEL CACERES MEJIA y que su grado de participación es a título de autoria, calificación jurídica que en ningún caso altera los hechos por los cuales se le acusa, si no que aplica correctamente el derecho al caso concreto, tal como es el deber de este Juez, siendo del criterio del suscrito que en el presente caso concurren los elementos objetivos y subjetivos del tipo penal denunciado.

4.- Del estudio del presente proceso penal se desprende que el procesado **ROBERTO DAVID CASTILLO MEJIA** ejecutó hechos que lo vinculan con el delito de **ASESINATO** y los mismos no se encuentran amparados bajo ninguna causa de justificación debida, suficiente y comprobada, por lo que consecuentemente se le puede imputar personalmente la comisión del delito supra indicado.

5.- Del análisis de los hechos se establece que con los medios de prueba antes referidos, y que ya se encuentran relacionados, son elementos de prueba que son contestes y congruentes con los hechos que el Ministerio Publico ha traido a esta audiencia y los cuales dan por acreditado la comisión del delito y la posible participación directa del imputado, y por tanto conforme al derecho de defensa y debido proceso, los argumentos alegados por la defensa deberán ser debatidos en el juicio Oral y Público.-

5.- Respecto al planteamiento de la defensa en su contestación de cargos, este Órgano Jurisdiccional tuvo a bien hacer una revisión y análisis del proceso de merito, llegando la conclusión siguiente: Que la defensa en su exposición señala que la perito Brenda Barahona en su dictamen pericial no estableció aspectos e importantes a favor de su representado y los cuales acredita con la pericia realizada por peritos propuestos por la defensa, pero no puede desconocerse que la misma fue juramentada en legal y debida forma para realizar extracción de información contenida no solo en aparatos telefónicos, lo cual así lo hizo y está acreditado en autos, estableciendo en su dictamen elementos probatorios que guardan relación con los hechos y con los cuales acreditan hasta este momento procesal la posible participación del ahora imputado en los hechos llegados a juzgamiento, lo cual así lo plasmo en su dictamen. Ahora bien respecto a las pericias realizadas por los peritos propuestos por la defensa como ser los señores **SHAUN R, VODDE Y JONATHAN D. LANGTON** y agregadas al proceso de merito del folio 2697 al folio 2812 y del folio 2870 al 2883, con las cuales indica la

defensa que se acredita que la pericia elaborada por la perito Brenda Barahona ha sido manipulada, que dicha perito excluyo en su pericia información valiosa que exonera la participación de su representado en los hechos imputados. Este Juzgador al revisar la incorporación de dichos dictámenes al proceso de merito advierte que en primer lugar fue puesta a disposición de este Juzgado por el Abogado NELSON IBAN DOMINGUEZ MEJIA como defensor privado del señor Roberto David Castillo Mejia, la cual corre agregada del folio 2697 al folio 2812, (no siendo el referido profesional del derecho parte en este proceso penal), pericia esta que si bien es cierto está traducida al idioma español, sin embargo esta carece de firma de la persona que fue nombrado como traductor para realizar asistir a los peritos, ya que estos eran de nacionalidad extranjera, quedando en duda quien fue la persona que realizo dicha traducción, ya que tal como consta en el proceso de merito en fecha trece de agosto del año dos mil dieciocho, fue juramentado el señor MARIO ALBERTO EHRLET MACHADO para los efectos de traductor de los peritos SHAUN R. VODDE Y JONATHAN D. LANGTON, pero en dicho informe no se establece que persona realizó dicha traducción aun y cuando ya se tenía establecido en el proceso ese extremo. De igual forma corre agregado a folios del folio 2870 al 2883 informe pericial presentado ante el Órgano conocedor por parte del Abogado NELSON IBAN DOMINGUEZ MEJIA, (siendo lo correcto que se hubiese hecho llegar al Juzgado por parte del Perito que emitió su pericia), logrando observar que esa información pericial no fue traducida al idioma oficial (castellano); inobservando lo que establece el art. 125 de nuestra normativa procesal que señala: "Idioma y forma en que deben de hacerse los Actos Procesales", aun y cuando ya estaba juramentado en legal y debida forma la persona que realizaría dicha traducción. Respecto a la pericia emitida por el ingeniero RUBEN EDUARDO CHAPA CABRERA si bien este realiza su dictamen conforme a lo que le fue solicitado, como ser análisis de vinculación y análisis de intervención de comunicaciones, así como análisis de las extracciones de información de teléfonos celulares, y así lo hizo, tal como se puede observar en el dictamen presentado, pero ES OBSERVABLE que en el documento donde consta la información requerida, NO CALZA la firma del perito. Por lo que este juzgador estima que observándose en el proceso de merito que todos estos elementos probatorios que han sido incorporados al proceso de merito tanto por el Ministerio Público, como por la Defensa Privada, para poder llegar a la verdad deben ser sometidos a tres de los principios fundamentales que integran un proceso penal, como ser el principio de oralidad, principio de contradicción y el principio de inmediación, y esto debe hacerse en un juicio oral y público donde respetando siempre los derechos fundamentales que le asisten al ahora imputado, y usando

las reglas de la lógica, de las máximas de la experiencia y de los conocimientos científicos es que se podrá lograr llegar a la verdad de los hechos que hoy se juzgan, por lo que considera que la petición de la defensa, no es procedente en este momento.-

## FUNDAMENTACION JURÍDICA

1.- Él artículo 90 de la Constitución de la República, manda que nadie puede ser juzgado sino por juez o tribunal competente con las formalidades, derechos y garantías que la ley establece.

2.- Él artículo 301 del Código Procesal Penal establece que en la audiencia preliminar el fiscal y el acusador privado en su caso, formalizarán acusación, y posteriormente, el Defensor contestara los cargos formulados contra los imputados.

3.- Él artículo 302 de nuestra norma adjetiva penal exige que dentro de los tres días siguientes a la celebración de la audiencia preliminar, el Juez dictará el auto de apertura a juicio, sin embargo el precitado artículo también establece que si con base en la formalización de la acusación por el fiscal y el acusador privado, en su caso, y en la contestación de cargos, el Juez considera que no hay fundamentos razonables para el desarrollo del juicio, podrá dictar resolución que será apelable en ambos efectos, en el sentido de que no procede la apertura del mismo y, según el caso, pronunciará sobreseimiento provisional o definitivo.

4.- El artículo 32 del Código Penal establece que se consideran autores a quienes toman parte directa en la ejecución del hecho, los que fuerzan o inducen directamente a otros a ejecutarlo y los que cooperan en la ejecución del hecho por un acto sin el cual no se hubiera efectuado.

5.- Artículo 117 del Código Penal Vigente establece que comete delito de asesinato quien de muerte a una persona ejecutándola con la concurrencia de cualquiera de las circunstancias siguientes alevosía, con premeditación conocida.

## PARTE DISPOSITIVA

En virtud de lo cual este Juez RESUELVE:

1.- Decretar Auto de Apertura a Juicio en las presentes diligencias que se siguen en contra del señor **ROBERTO DAVID CASTILLO MEJIA**, por suponerlo

responsable de la comisión del delito de **ASESINATO** en perjuicio de **LA SEÑORA BERTHA ISABEL CACERES FLORES.**-

**2.-** Señalándoles a las partes antes relacionadas que se les emplaza para que en el término de cinco días comunes contados a partir de la fecha de la última notificación se personen al Tribunal de sentencia, señalando el lugar exacto donde se les puede hacer notificaciones. Que una vez notificado el presente auto de Apertura a Juicio, la Secretaria del Juzgado de Letras con Competencia Territorial Nacional en Materia Penal remita las actuaciones al Tribunal de Sentencia con Competencia Territorial Nacional en un termino de cuarenta y ocho horas, poniendo a su disposición al encartado, quien se encuentran cumpliendo la medida cautelar de Prisión Preventiva como ser la establecida en el articulo 173 numeral 3 del Código Procesal Penal.-

**4.- NOTIFIQUESE A LAS PARTES EL PRESENTE AUTO.-**

**ABG. CARLOS IRIAS DE LEON. JUEZ**
**JUZGADO CON JURISDICCION NACIONAL**

**ABG. SANDRA E. LEIVA CASASOLA**
**SRIA. ADJUNTA**